**Opinion issued September 30, 2014**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-14-00376-CV

————————————

**DONALD E. SPENCER, Appellant**

**V.**

**JOE PAGLIARULO AND CC MEDIA HOLDINGS, INC., Appellees**

On Appeal from the 55th District Court
Harris County, Texas
Trial Court Case No. 2013-67694

## O P I N I O N

Appellant, Donald E. Spencer, attempts to appeal from the trial court's order granting the motion to dismiss filed by appellees, Joe Pagliarulo and CC Media Holdings, Inc., pursuant to section 27.003 of the Texas Civil Practice and Remedies Code. We dismiss the appeal.

An appeal from an "order on a motion to dismiss a legal action under Section 27.003" of the Texas Civil Practice and Remedies Code is an accelerated appeal. TEX. CIV. PRAC. & REM. CODE ANN. § 27.008(b) (West Supp. 2014) (requiring appellate court to expedite appeal from order on motion filed pursuant to section 27.003); TEX. R. APP. P. 28.1(a) (defining accelerated appeal to include appeals required by statute to be expedited). In an accelerated appeal, absent a motion to extend time under Texas Rule of Appellate Procedure 26.3, "the deadline for filing a notice of appeal is strictly set at twenty days after the judgment is signed, with no exceptions . . . ." *In re K.A.F.*, 160 S.W.3d 923, 927 (Tex. 2005); *see* TEX. R. APP. P. 26.1(b). If a motion for extension of time to file the notice of appeal is timely filed, the deadline for filing a notice of appeal is extended by fifteen days, to thirty-five days after the judgment is signed. *See* TEX. R. APP. P. 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). Filing a motion for new trial does not extend the appellate deadlines in an accelerated appeal. *See* TEX. R. APP. P. 28.1(b); *K.A.F.*, 160 S.W.3d at 927, 928; *In re R.B.M.*, 338 S.W.3d 755, 756 (Tex. App.—Houston [14th Dist.] 2011, no pet.).

Because the trial court granted the appellees' section 27.003 motion to dismiss on March 3, 2014 and issued its final judgment on March 25, 2014, Spencer's notice of appeal was due by April 14, 2014. Spencer, proceeding pro se, filed his notice of appeal on May 2, 2014, which was thirty-eight days after the

final judgment was rendered. Hence, Spencer's notice of appeal was untimely. *See* TEX. R. APP. P. 26.1(b), 26.3; *K.A.F.*, 160 S.W.3d at 927.

On September 2, 2014, we notified Spencer that his appeal was subject to dismissal for want of jurisdiction unless he filed a written response showing how this Court has jurisdiction over this appeal. *See* TEX. R. APP. P. 42.3(a) (allowing involuntary dismissal of case after notice). Although Spencer did not respond to our September 2, 2014 notice, he had previously filed a response to a notice issued by the Clerk on August 20, 2014, in which he contended that he had sixty days to appeal the trial court's ruling under Texas Civil Practice and Remedies Code section 27.008. This argument appears to rely on former section 27.008(c), which was repealed effective June 14, 2013 and is therefore inapplicable to this case. *See* Act of May 21, 2011, 82d Leg., R.S., ch. 341, § 2, sec. 27.008(c), 2011 Tex. Gen. Laws 961, 963, *repealed by* Act of May 24, 2013, 83d Leg., R.S., ch. 1042, § 5, 2013 Tex. Sess. Law Serv. 2501, 2502 (West).

Because Spencer's notice of appeal was not filed within twenty days of the trial court's final judgment or within the fifteen-day extension period, Spencer's response fails to demonstrate either that his notice of appeal was timely or that we have jurisdiction over this appeal. *See* TEX. R. APP. P. 2 (prohibiting appellate court from construing Rule 2 to "alter the time for perfecting an appeal in a civil

case"), 26.3 (authorizing extension of time if motion for extension is filed within fifteen days of deadline); *K.A.F.*, 160 S.W.3d at 927.

Accordingly, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f); *see K.A.F.*, 160 S.W.3d at 927 (holding that untimely notice of appeal failed to invoke jurisdiction of appellate court); *R.B.M.*, 338 S.W.3d at 756, 758 (dismissing appeal for want of jurisdiction when notice of appeal was untimely).

Sherry Radack
Chief Justice

Panel consists of Chief Justice Radack and Justices Jennings and Keyes.