**DISMISS and Opinion Filed August 31, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-15-00164-CV

### ROLL-N-ROCK, INC. AND RICHARD C. VANGLISH, Appellants
### V.
### JOHN M. PATISON, CURTIS C. FARMER, RAMGOPAL VENKATARAMAN, CHRIS FOX, D. PATRICK CURRIE, AND CIRCLE TEN COUNCIL, B.S.A., Appellees

**On Appeal from the 44th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-14-04214**

## MEMORANDUM OPINION

Before Justices Bridges, Lang, and Schenck
Opinion by Justice Lang

In a letter dated June 3, 2015, we questioned our jurisdiction over this appeal from an order granting a motion to dismiss pursuant to section 27.003 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.003 (West 2015). Specifically, it appeared the notice of appeal was untimely. We instructed appellants Roll-N-Rock, Inc., and Richard C. Vanglish (collectively "Roll-N-Rock") to file a letter brief addressing our jurisdictional concern and gave appellees John M. Patison, Curtis C. Farmer, Ramgopal Venkataraman, Chris Fox, D. Patrick Currie, and Circle Ten Council, B.S.A. (collectively "Patison") an opportunity to respond.

Pursuant to section 27.008(b) of the civil practice and remedies code, "[a]n appellate court shall expedite an appeal or other writ, whether interlocutory or not, from a trial court order on a motion to dismiss a legal action under Section 27.003 . . ." TEX. CIV. PRAC. & REM. CODE ANN. § 27.008(b). Accelerated appeals include "appeals required by statute to be accelerated or

expedited." *See* TEX. R. APP. P. 28.1(a). In an accelerated appeal, the notice of appeal is due within twenty days after the date the judgment or order is signed or, with a timely post-judgment motion that extends the appellate timetable, within thirty-five days. *See* TEX. R. APP. P. 26.1(b), 26.3. Filing a motion for new trial does not extend the time to perfect an accelerated appeal. *See* TEX. R. APP. P. 28.1(b). Without a timely notice of appeal, this Court lacks jurisdiction. *See* TEX. R. APP. P. 25.1(b).

The trial court signed the order granting Patison's motion to dismiss under the Texas Anti-Slapp statute on September 2, 2014. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.003. The order was interlocutory because it did not dispose of Roll-N-Rock's breach of contract claim against Circle Ten Council. Although the order was interlocutory, Roll-N-Rock filed a motion for new trial on October 2, 2014. On November 21, 2014, the trial court signed an order severing the remaining breach of contract claim and assigning it a new cause number. The severance order rendered the September 2014 order final. *See Espalin v. Children's Med. Ctr. of Dallas*, 27 S.W.3d 675, 680 (Tex. App.—Dallas 2000, no pet.). Nonetheless, the trial court signed a final judgment on the motion to dismiss on December 18, 2014. Roll-N-Rock filed a supplemental motion for new trial on December 19, 2014. A party may appeal from an interlocutory order that grants a motion to dismiss filed pursuant to Section 27.003 only upon final judgment. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(12) (West 2015); *Shankles v. Gordon*, No. 05-14-01444-CV, 2015 WL 3454429, *1 (Tex. App.—Dallas Jun. 1, 2015, no pet.) (mem. op.).

In the notice of appeal, Roll-N-Rock states it is appealing the trial court's judgment signed on December 18, 2014.[1] However, the accelerated appellate timetable began running on November 21, 2014, the date the severance order was signed. The notice of appeal was due on

---

[1] In its jurisdictional brief, Roll-N-Rock states this was error and that it should have stated it was appealing the trial court's November 21, 2014 order. This is not relevant to the outcome because, as explained later in the opinion, the notice of appeal was untimely as to either the December judgment or November order.

December 11, 2014, twenty days after the date the judgment was signed or, with a timely extension motion, Monday, December 28, 2015. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.008(b); TEX. R. APP. P. 4.1(a), 26.1(b) & 26.3. Roll-N-Rock filed its notice of appeal on February 9, 2015, a date well past the deadline.

In its jurisdictional brief, Roll-N-Rock agrees that the severance order rendered the trial court's September 2, 2014 order on the motion to dismiss final. It contends, however, the severance order was not an order on a motion to dismiss pursuant to section 27.003. Rather, it argues the severance order was an order severing an unrelated breach of contract claim. For this reason, Roll-N-Rock asserts it reasonably believed that the severance order was not subject to the accelerated timetable. To invoke this Court's jurisdiction, a party must file a timely notice of appeal. *See* TEX. R. APP. P. 25.1(b). A "reasonable belief" is not sufficient. If this Court were to accept Roll-N-Rock's argument and allow this appeal to proceed, it would be in direct violation of section 27.008(b) requiring this Court to expedite appeals from orders on motions to dismiss. This we cannot do. *See Spencer v. Pagliarulo*, 448 S.W.3d 605, 607 (Tex. App.—Houston [1st Dist.] 2014, no pet.).

Alternatively, Roll-N-Rock contends it made a good faith effort to invoke this Court's jurisdiction in filing a notice of appeal within ninety days of the date of the severance order. *See* TEX. R. APP. P. 26.1(b). However, as indicated above, the severance order rendered the order granting the motion to dismiss final and appealable. The notice of appeal was due within twenty days of the date of the severance order or within the fifteen-day extension period. *See* TEX. R. APP. P. 26.1(b), 26.3, 28.1(b). This Court does not have the authority to alter the time for perfecting an appeal in a civil case beyond the period allowed for an extension. *See* TEX. R. APP. P. 2.

Because the notice of appeal was untimely, this Court lacks jurisdiction.  Accordingly, we dismiss the appeal.  *See* TEX. R. APP. P. 42.3(a).

150164F.P05

/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ROLL-N-ROCK, INC. AND
RICHARD C. VANGLISH, Appellants

No. 05-15-00164-CV      V.

JOHN M. PATISON,
CURTIS C. FARMER,
RAMGOPAL VENKATARAMAN,
CHRIS FOX, D. PATRICK CURRIE,
AND CIRCLE TEN COUNCIL, B.S.A.,
Appellees

On Appeal from the 44th Judicial District
Court, Dallas County, Texas.
Trial Court Cause No. DC-14-04214.
Opinion delivered by Justice Lang. Justices
Bridges and Schenck participating.

      In accordance with this Court's opinion of this date, the appeal is **DISMISSED**.

      It is **ORDERED** that appellees JOHN M. PATISON, CURTIS C. FARMER, RAMGOPAL VENKATARAMAN, CHRIS FOX, D. PATRICK CURRIE, AND CIRCLE TEN COUNCIL, B.S.A. recover their costs of this appeal from appellants ROLL-N-ROCK, INC. AND RICHARD C. VANGLISH.

Judgment entered this 31st day of August, 2015.