

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| | § | No. 08-19-00233-CV |
| IN THE INTEREST OF | § | |
| | | Appeal from the |
| E.O., | § | |
| | | 65th District Court |
| A CHILD. | § | |
| | | of El Paso County, Texas |
| | § | |
| | | (TC# 2018DCM1157) |
| | § | |

**DISSENTING OPINION**

I respectfully dissent to the granting of the motion for reconsideration and would find we

do not have jurisdiction to entertain the appeal.

Texas Rules of Appellate Procedure 28.1(b) states:

(b) *Perfection of Accelerated Appeal*. Unless otherwise provided by statute, **an accelerated appeal** is perfected by filing a notice of appeal in compliance with Rule 25.1 within **the time allowed by Rule 26.1(b) or as extended by Rule 26.3.** Filing a motion for new trial, any other post-trial motion, or a request for findings of fact will not extend the time to perfect an accelerated appeal. TEX. R. APP. P. 28.1(b) (emphasis added).

Further, we are instructed pursuant to Texas Rules of Appellate Procedure 26.1(a) and (b) that:

The notice of appeal must be filed within 30 days after the judgment is signed, except as follows:

(a) the notice of appeal must be filed within 90 days after the judgment is signed if any party timely files:

> (1) a motion for new trial;
> (2) a motion to modify the judgment;
> (3) a motion to reinstate under Texas Rule of Civil Procedure 165a; or
> (4) a request for findings of fact and conclusions of law if findings and conclusions either are required by the Rules of Civil Procedure or, if not required, could properly be considered by the appellate court;

(b) **in an accelerated appeal, the notice of appeal must be filed within 20 days after the judgment or order is signed[.]** TEX. R. APP. P. 26.1(a) and (b) (emphasis added).

Last, Texas Rules of Appellate Procedure 26.3, states:

> The appellate court **may extend the time to file the notice of appeal if, within 15 days after the deadline for filing the notice of appeal, the party:**
>
> > (a) **files in the trial court the notice of appeal; and**
> >
> > (b) files in the appellate court a motion complying with Rule 10.5(b). TEX. R. APP. P. 26.3 (emphasis added).

In an accelerated appeal, absent a motion to extend time under Texas Rule of Appellate Procedure 26.3, the Texas Supreme Court has held "in an accelerated appeal, absent a rule 26.3 motion, the deadline for filing a notice of appeal is strictly set at twenty days after the judgment is signed, with no exceptions, and filing a rule 26.1(a) motion for new trial, motion to modify the judgment, motion to reinstate, or request for findings of fact and conclusions of law will not extend that deadline. Allowing such post-order motions to automatically delay the appellate deadline is simply inconsistent with the idea of accelerating the appeal in the first place." *In re K.A.F.,* 160 S.W.3d 923, 927 (Tex. 2005); *see* TEX. R. APP. P. 26.1(b).

If a motion for extension of time to file the notice of appeal is timely filed, the deadline for filing a notice of appeal is extended by fifteen days, to thirty-five days after the judgment is signed.

*See* TEX. R. APP. P. 26.3; *Spencer v. Pagliarulo*, 448 S.W.3d 605, 606 (Tex.App.--Houston [1st Dist.] 2014, no pet.). Filing a motion for new trial does not extend the appellate deadlines in an accelerated appeal. *See* TEX. R. APP. P. 28.1(b); *K.A.F.,* 160 S.W.3d at 927, 928; *In re R.B.M.,* 338 S.W.3d 755, 756 (Tex.App.--Houston [14th Dist.] 2011, no pet.).

A search of termination cases has revealed no accelerated appeal has ever extended the deadline to perfect an appeal after thirty-five (35) days. Given there is no precedent to grant the motion for rehearing by applying Rule 26.1(d), our mandate is clear, we must follow the 20 days in Rule 26.1(b) and only extend by Rule 26.3 as Rule 28.1(b) instructs and *K.A.F.* dictates. *K.A.F.*, 160 S.W.3d at 927. The lack of statutory or case authority applying 26.1(d) to accelerated appeals prevents us from granting rehearing after a proper dismissal for lack of jurisdiction of an untimely appeal in a parental termination case. Further *K.A.F.* provides unambiguous precedent that no extension of time is permitted past the 35 days in accelerated appeals.

For these reasons, I respectfully would deny the motion for reconsideration.


             YVONNE T. RODRIGUEZ, Justice

November 18, 2019