**Dismissed w.o.j. and Opinion Filed February 1, 2022**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-21-00210-CV

**KIRK LAUNIUS, Appellant**

**V.**

**DIANA FLORES, IN HER OFFICIAL CAPACITY AS PRESIDING OFFICER, CHAIR OF TRUSTEES, OF DALLAS COUNTY COMMUNITY COLLEGE DISTRICT, Appellee**

**On Appeal from the 298th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-19-08429**

## OPINION[1]

Before Justices Myers, Partida-Kipness, and Garcia
Opinion by Justice Partida-Kipness

This appeal arises from appellant Kirk Launius's suit contesting the results of a May 4, 2019 bond election. After a multi-day bench trial, the trial court concluded that Launius failed to meet his burden of proof. The trial court rendered judgment in favor of Dallas County Community College District (Dallas College) and sustained the election outcome. Launius appeals that judgment.

---

[1] This appeal presents an issue of first impression. This Court, therefore, designates this decision as an "opinion," rather than a "memorandum opinion." TEX. R. APP. P. 47.4(a).

Also before the Court is Dallas College's motion to dismiss this appeal for want of jurisdiction. Dallas College maintains this appeal should be dismissed because this is an accelerated appeal and Launius's notice of appeal was untimely. Our jurisdiction is fundamental and never presumed. *Brashear v. Victoria Gardens of McKinney, L.L.C.*, 302 S.W.3d 542, 546 (Tex. App.—Dallas 2009, no pet.). Absent a timely-filed notice of appeal from a final judgment or recognized interlocutory order, we do not have jurisdiction over an appeal. *Howlett v. Tarrant Cty.*, 301 S.W.3d 840, 843 (Tex. App.—Fort Worth 2009, pet. denied) (citing *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997)). After reviewing the motion to dismiss, Launius's response, both sides' merits briefing, and the record, we conclude the appeal must be dismissed because the notice of appeal was untimely. *See* TEX. ELEC. CODE § 231.009; *see also* TEX. R. APP. P. 26.1(b), 28.1(a).

## BACKGROUND

The election at issue was a bond election for Dallas College that was held on May 4, 2019. The bond measure proposed the issuance of $1,102,000,000 in bonds and notes for the purpose of constructing, improving, renovating, and equipping school buildings for Dallas College. The measure passed by a vote of 88,181 in favor to 35,226 against, for a margin of victory of 52,995 votes.

Launius opposed the bond measure and was a poll watcher. In the underlying election contest, Launius alleged that election officers or persons officially involved in the administration and tabulation of the election counted illegal votes, failed to

–2–

count legal votes, and "made mistakes and/or engaged in illegal conduct." After a multi-day bench trial, the trial court sustained the election results and rendered judgment for Dallas College. The trial court signed its final judgment on December 30, 2020. Launius filed a request for findings of fact and conclusions of law on January 19, 2021, and a notice of past due findings on February 18, 2021. The trial court issued findings of fact and conclusions of law on March 17, 2021. Launius filed his notice of appeal on March 29, 2021, which is eighty-nine days after the trial court signed the judgment.

**MOTION TO DISMISS**

"[A]ppeals required by statute to be accelerated *or expedited*, . . . are accelerated appeals." TEX. R. APP. P. 28.1(a) (emphasis added). "[I]n an accelerated appeal, the notice of appeal must be filed within 20 days after the judgment or order is signed . . . ." TEX. R. APP. P. 26.1(b). Dallas College argues in its motion to dismiss that Launius's notice of appeal was untimely because this is an accelerated appeal pursuant to Rule 28.1(a) with accelerated deadlines governed by Rule 26.1(b). Dallas College relies on section 231.009 of the election code, which provides that "[a]n election contest has precedence in the appellate courts and shall be disposed of *as expeditiously* as practicable." TEX. ELEC. CODE § 231.009 (emphasis added). Dallas College contends that the plain language of section 231.009 requires appeals of judgments in an election contest on a measure to be

expedited and, as such, they are accelerated appeals under Rule 28.1(a) and subject to the deadlines imposed by Rule 26.1(b).

Launius, in contrast, relies on section 232.015 of the election code to support his contention that the Rule 26.1(b) deadlines do not apply here and, as such, his appeal was timely filed within ninety days after the judgment was signed as required by Rule 26.1(a)(4). *See* TEX. R. APP. P. 26.1(a)(4) (notice of appeal deadline extended to ninety days if appellant timely files "a request for findings of fact and conclusions of law if findings and conclusions either are required by the Rules of Civil Procedure or, if not required, could properly be considered by the appellate court."). Section 232.015 provides that "[t]he trial or appellate court *may accelerate* the appeal in a contest of a general or special election in a manner consistent with the procedures prescribed by Section 232.014." TEX. ELEC. CODE § 232.015 (emphasis added). Launius maintains that the election at issue was a special election and, as such, falls under section 232.015. He further argues that section 232.015 does not require appeals to be accelerated; rather, the statute gives an appellate court discretion to consider the appeal on an accelerated basis.

Launius's reliance on section 232.015 is misplaced because the election at issue is not subject to Chapter 232 of the election code. Chapter 232 applies only to "a contest of an election for nomination or election to a public office or an office of a political party." TEX. ELEC. CODE § 232.001. The election at issue here was a bond election, not an election for nomination or election to office. A bond election is an

–4–

"election on a measure" that is subject to Chapter 233 of the election code and is part of Title 14, Subchapter B of the election code. *See id.* § 233.001 ("This chapter applies to a contest of an election on a measure."); *see also id.* § 1.005(12) ("'Measure' means a question or proposal submitted in an election for an expression of the voters' will.").

Title 14, Subchapter B of the election code "applies to an election contest of which the district court has jurisdiction." TEX. ELEC. CODE § 231.001. Chapters 231, 232, and 233 of the election code are included in Title 14, Subchapter B. Chapter 231 addresses "Contest[s] in District Court Generally," Chapter 232 addresses "Contests for Office," and Chapter 233 addresses "Contest[s] on Measure." The applicable Chapters for our purposes are, therefore, only Chapters 231 and 233.

Chapter 233 includes no provision regarding appeals to the court of appeals. Chapter 231, however, addresses "the precedent of contest on appeal." Section 231.009 states that election-contest appeals have "precedence in the appellate courts and shall be disposed of as expeditiously as practicable." *See* TEX. ELEC. CODE § 231.009. We conclude section 231.009 controls our determination of the motion to dismiss. We must, therefore, decide if disposing of an appeal in an election contest "as expeditiously as practicable" means the appeal must "be accelerated or expedited" as an accelerated appeal under Rule 28.1(a). *Compare id.* § 231.009 ("An election contest has precedence in the appellate courts and shall be disposed of *as*

***expeditiously*** as practicable.") *with* TEX. R. APP. P. 28.1(a) ("Appeals required by statute to be accelerated ***or expedited***, . . . are accelerated appeals.").

No Texas court has addressed this question.[2] Similar language in the Texas Citizens Participation Act (TCPA), however, is consistently construed as requiring an appeal to be accelerated under the appellate rules of procedure.

Section 27.008(b) of the civil practice and remedies code provides that "[a]n appellate court ***shall expedite*** an appeal or other writ, whether interlocutory or not, from a trial court order on a motion to dismiss a legal action under Section 27.003 or from a trial court's failure to rule on that motion in the time prescribed by Section 27.005." TEX. CIV. PRAC. & REM. CODE § 27.008(b) (emphasis added). This Court and several of our sister courts construe the "shall expedite" language in section 27.008(b) as requiring appeals under that statute to be accelerated for purposes of Rule 26.1(b) deadlines. *E.g.*, *Huaman v. Sherry*, No. 05-20-00845-CV, 2021 WL 761789, at *1 (Tex. App.—Dallas Feb. 25, 2021, no pet.) (mem. op.) ("appeals under

---

[2] Launius cites *Perez v. Trevino*, No. 13-17-00087-CV, 2017 WL 2705477, at *5, n.1 (Tex. App.—Corpus Christi–Edinburg June 22, 2017, no pet.) (mem. op.) to support his contention that an appeal of a special election is not "automatically accelerated." We find *Perez* inapplicable here for several reasons. First, the appeal at issue in *Perez* was controlled by Chapter 232, not Chapter 231. *See id.* The *Perez* court concluded that section 232.015 controlled the appeal. *Id.* That provision states that "the trial or appellate court *may* accelerate the appeal in a contest of a general or special election in a manner consistent with the procedures prescribed by Section 232.014." TEX. ELEC. CODE § 232.015(a) (emphasis added). The court determined that the use of the term "may" in section 232.015 provided Perez with "the discretionary authority to accelerate his special election contest appeal," but section 232.015 "did not create a mandatory acceleration of the appeal." *Perez,* 2017 WL 2705477, at *5. Section 231.009, in contrast, includes mandatory, not discretionary, language concerning expedition of an appeal. Moreover, the opinion's only reference to section 231.009 was dicta in a footnote in which the court referenced Perez's citation to section 231.009 in his notice of appeal and explained that the court interprets section 231.009 "as an admonishment to appellate courts to expedite handling of all election contests on their dockets due to the time-sensitive nature of elections." *Id.* at *5, n.1. *Perez* does not apply to this case and is not persuasive authority here.

the TCPA are accelerated and must be filed within twenty days of judgment") (first citing TEX. CIV. PRAC. & REM. CODE § 27.008(b) and then citing TEX. R. APP. P. 26.1(b), 28.1(a)); *Kim v. Kim*, No. 05-16-01508-CV, 2017 WL 1281397, at *1 (Tex. App.—Dallas Apr. 6, 2017, pet. denied) (mem. op.) (same); *Ruff v. Wick Phillips Gould & Martin, LLP*, No. 11-21-00130-CV, 2021 WL 3087505, at *1 (Tex. App.—Eastland July 22, 2021, no pet.) (mem. op.) ("Accelerated timetables apply to this appeal because it is an expedited appeal from a trial court's order on a motion to dismiss under Section 27.003 of the TCPA."); *Sissom v. Reagins-Lilly*, No. 03-19-00440-CV, 2021 WL 2672054, at *1 (Tex. App.—Austin June 30, 2021, no pet.) (mem. op.) (appeal from dismissal under the TCPA is accelerated) (first citing TEX. CIV. PRAC. & REM. CODE § 27.008(b) and then citing TEX. R. APP. P. 28.1(a)); *Lasater v. Thompson*, No. 02-20-00290-CV, 2021 WL 386957, at *2 (Tex. App.—Fort Worth Feb. 4, 2021, no pet.) (mem. op.) ("Appeals that are statutorily required to be expedited are accelerated appeals.") (citing TEX. R. APP. P. 28.1(a));; *Spencer v. Pagliarulo*, 448 S.W.3d 605, 606 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (appeal accelerated and governed by TEX. R. APP. P. 28.1(a) because section 27.008(b) requires appellate court to expedite appeal from an order on a motion filed pursuant to section 27.003).

Section 231.009, like section 27.008(b), includes mandatory "shall" language requiring appeals under that section to be handled on an expedited basis. TEX. ELEC. CODE § 231.009 ("shall be disposed of as expeditiously as practicable"). As we noted

in *Huaman*, appellate rule 28.1(a) provides that "appeals required by statute ***to be expedited*** are accelerated." *Huaman*, 2021 WL 761789, at *1 n.2 (emphasis added). Similarly, in *Kim*, we rejected the argument that section 27.008 was intended to have courts of appeals "give preference to 'Anti–Slapp' appeals rather than making such appeals accelerated" because "the language of the statute" does not support that contention. *Kim*, 2017 WL 1281397, at *1. Here, the requirement found in section 231.009 requiring appeals to "be disposed of ***as expeditiously*** as practicable" constitutes a requirement that appeals be expedited under section 231.009.

Because section 231.009 creates an appeal that is statutorily-required to be expedited, such an appeal is accelerated under Rule 28.1(a) and subject to the accelerated appellate timetable of Rule 26.1(b). As such, the notice of appeal was due within twenty days after the date the judgment or order was signed or within thirty-five days if a motion to extend time was filed. TEX. R. APP. P. 26.1(b), 28.1(a). Here, Launius filed his notice of appeal eighty-nine days after the judgment was signed. The notice of appeal was untimely, and his request for findings of fact and conclusions of law did not extend the time to perfect the appeal. *See* TEX. R. APP. P. 28.1(b). The untimely notice of appeal fails to invoke our jurisdiction. *See Garza v. Hibernia Nat'l Bank*, 227 S.W.3d 233, 233 (Tex. App.—Houston [1st Dist.] 2007, no pet.). Accordingly, we dismiss this appeal for want of jurisdiction. *See, e.g., Johnson v. De La Garza*, No. 05-21-00234-CV, 2021 WL 1904319, at *1 (Tex.

App.—Dallas May 12, 2021, no pet.) (mem. op.); *see also Lasater*, 2021 WL 386957, at *2.

## CONCLUSION

Launius failed to file a timely notice of appeal. We, therefore, lack jurisdiction over his appeal. Accordingly, we grant Dallas College's motion and dismiss this appeal. TEX. R. APP. P. 25.1(b), 42.3(a).

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

210210F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

KIRK LAUNIUS, Appellant

No. 05-21-00210-CV      V.

DIANA FLORES, IN HER
OFFICIAL CAPACITY AS
PRESIDING OFFICER, CHAIR OF
TRUSTEES, OF DALLAS
COUNTY COMMUNITY
COLLEGE DISTRICT, Appellee

On Appeal from the 298th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-19-08429.
Opinion delivered by Justice Partida-
Kipness. Justices Myers and Garcia
participating.

In accordance with this Court's opinion of this date, the appeal is
**DISMISSED** for want of jurisdiction.

It is **ORDERED** that appellee DIANA FLORES, IN HER OFFICIAL
CAPACITY AS PRESIDING OFFICER, CHAIR OF TRUSTEES, OF DALLAS
COUNTY COMMUNITY COLLEGE DISTRICT recover her costs of this appeal
from appellant KIRK LAUNIUS.

Judgment entered this 1st day of February 2022.