Kem Thompson Frost, Chief Justice
In this appeal from a dismissal for want of prosecution, at the threshold we must determine whether the appellants timely perfected this appeal to vest this court with appellate jurisdiction. The appellants did not verify their motion to reinstate following the dismissal for want of prosecution and we conclude that they did not support their motion to reinstate with a sufficient substitute for verification. As a result, their motion to reinstate did not extend the timetable for filing a notice of appeal. Because the appellants did not timely file their notice of appeal, we dismiss for lack of appellate jurisdiction.
I. FACTUAL AND PROCEDURAL BACKGROUND
In 2002, appellee/plaintiff Chris Di Ferrante filed this lawsuit seeking to recover against appellant/defendant Donald Young based on a sworn account. Di Ferrante later added Doris Young and Donna Holcomb as defendants in the lawsuit. Donald *127 Young and Donna Holcomb asserted counterclaims against Di Ferrante.
After more than a decade of litigation, the trial court signed a final order in November 2015, dismissing the case for want of prosecution. The following month, Donald Young, Doris Young and Donna Holcomb (collectively, the "Young Parties") timely filed a motion to reinstate the case. The motion to reinstate contained verifications by each of the Young Parties. Each verification stated that the party signing the verification had read the motion to reinstate and that "all statements made therein are true and correct and made with my personal knowledge." After conducting an oral hearing on the motion at which Di Ferrante did not appear, the trial court granted the Young Parties' motion to reinstate the case.
Di Ferrante filed a motion to vacate the order reinstating the case, alleging that (1) Di Ferrante received no notice of the hearing on the motion to reinstate; (2) the Young Parties lacked standing to seek reinstatement of the case to bring claims against Di Ferrante; and (3) the trial court properly dismissed the case for want of prosecution. The trial court conducted a hearing on the motion to vacate the reinstatement order. Shortly before the March 21, 2016 hearing, the Young Parties moved to recuse the presiding judge of the trial court. The presiding judge determined that the motion to recuse was a tertiary motion to recuse, and the judge both denied the motion to recuse and referred the motion to the regional presiding judge. Three days later, the regional presiding judge signed an order denying the motion to recuse.
On March 25, 2016, the presiding judge of the trial court signed a final order dismissing the case for want of prosecution (the "DWOP Order"). The Young Parties filed a motion to reinstate on April 25, 2016 ("Motion to Reinstate"), and each signed a purported verification attached to the motion, stating:
"I, [name], am more than twenty-one years of age. I am capable of and competent to make this verification and affidavit. I have never been finally convicted of a crime other than minor misdemeanors. I have read [the Motion to Reinstate] and all statements made by me therein are true and correct to the best of my belief and personal knowledge."
The trial court signed an order on May 3, 2016, denying the Motion to Reinstate. The Young Parties filed a notice of appeal, which the trial court clerk stamped as filed on June 6, 2016.
On appeal, the Young Parties have asserted six appellate issues challenging the DWOP Order, various interlocutory orders, and the trial court's denial of the Motion to Reinstate. On appeal, Di Ferrante asserts, among other things, that the Young Parties lacked standing to move for reinstatement of the case because the only claims the trial court dismissed in the DWOP Order were claims by Di Ferrante against the Young Parties. Di Ferrante also asserts that the claims the Young Parties seek to litigate already have been adjudicated in Di Ferrante's favor by final judgments in other cases. According to DiFerrante, any attempt to re-litigate these claims in this case is moot.
II. JURISDICTIONAL ANALYSIS
No party has asserted that the Young Parties failed to timely file their notice of appeal, but we must review sua sponte issues affecting our appellate jurisdiction.[1] See *128 M.O. Dental Lab v. Rape , 139 S.W.3d 671, 673 (Tex. 2004). An appellate court generally has jurisdiction over a case if a notice of appeal is filed within thirty days after the judgment is signed unless one of the deadline-extending circumstances listed in Texas Rule of Appellate Procedure 26.1 is present. See Tex. R. App. P. 26.1 ; Tex. Ass'n of Bus. v. Tex. Air Control Bd. , 852 S.W.2d 440, 443-44 (Tex. 1993) ; Watson v. Clark , No. 14-14-00031-CV, 2015 WL 780563, at *1 (Tex. App.-Houston [14th Dist.] Feb. 24, 2015, no pet.) (mem. op.). Under Rule 26.1, filing a verified motion to reinstate under Texas Rule of Civil Procedure 165a within thirty days of the order of dismissal for want of prosecution extends the deadline to perfect appeal to ninety days after the trial court signed the dismissal order. See Tex. R. App. P. 26.1 ; Watson , 2015 WL 780563, at *1.
A motion to reinstate stands as the only remedy available to a party when the trial court has dismissed the case for want of prosecution. See Watson , 2015 WL 780563, at *1. The only instrument filed by any party within thirty days of the DWOP Order was the Young Parties' Motion to Reinstate. Thus, the Young Parties filed the motion timely. But, to extend the deadline to perfect appeal, the Motion to Reinstate must have been verified or supported by a sufficient substitute for verification. See McConnell v. May , 800 S.W.2d 194, 194 (Tex. 1990) (holding that unverified motion to reinstate does not extend trial court's jurisdiction to hear case); 3V, Inc. v. JTS Enterprises , 40 S.W.3d 533, 538 (Tex. App.-Houston [14th Dist.] 2000, no pet.) (holding that two affidavits attached to motion to reinstate were a sufficient substitute for verification and that the deadline to perfect appeal was extended); Twist v. McAllen Nat. Bank , 294 S.W.3d 255, 260 (Tex. App.-Corpus Christi 2009, pet. dism'd) (stating that the motion to reinstate must be verified or supported by a sufficient substitute for verification otherwise the motion does not extend the deadline to perfect appeal). If the Young Parties did not verify their Motion to Reinstate or support it with a sufficient substitute for verification, we would lack appellate jurisdiction because the deadline to perfect appeal would be April 25, 2016, and the Young Parties did not perfect appeal until June 2016. See McConnell , 800 S.W.2d at 194 ; Butts v. Capitol City Nursing Home, Inc. , 705 S.W.2d 696, 697 (Tex. 1986) ; Watson , 2015 WL 780563, at *1 ; Twist , 294 S.W.3d at 260.
Verification Requirement for Motions to Reinstate
Rule 165a states, "a motion to reinstate shall set forth the grounds therefor and be verified by the movant or his attorney." Tex. R. Civ. P. 165a. Rule 165a does not define "verified." Though the rule does not expressly require that the verification be based on personal knowledge, courts have held that verifications must be based on personal knowledge. See Hudson v. Senior Living Props., LLC , No. 14-13-01145-CV, 2015 WL 3751634, at *2 (Tex. App.-Houston [14th Dist.] Jun. 16, 2015, no pet.) (mem. op.); Twist , 294 S.W.3d at 260-63. Requiring personal knowledge serves to apprise the court of the source of a party's assertions. See Twist , 294 S.W.3d at 260-61. Courts reason that the personal-knowledge requirement carries logical force in the context of a motion to reinstate, because in this setting a party likely will be raising arguments based on facts that do not appear in the record to explain the *129 lack of activity in a case. See ids="7300048" index="15" url="https://cite.case.law/sw3d/294/255/#p260">id. The Supreme Court of Texas has recognized the importance of the verification in the context of a motion to reinstate, yet the high court has signaled that reviewing courts may make allowances when an affidavit serves the same function as a verification and the affiant has personal knowledge of the facts.
In Guest v. Dixon , the supreme court held that a motion to reinstate supported by the affidavit of the movant's former attorney satisfied Rule 165a 's requirements. See 195 S.W.3d 687, 688-89 (Tex. 2006) (per curiam). Reasoning that the attorney had personal knowledge of the facts regarding the prosecution of the case, the court found that the affidavit sufficed in that circumstance. See ids="8412123" index="17" url="https://cite.case.law/sw3d/195/687/#p688">id. (noting, "[t]o hold that the motion could not be supported by the affidavit of Guest's former attorney could deprive the party of the best evidence available. The rule does not require such a result.") Similarly, in 3V, Inc. v. JTS Enterprises , this court held that a motion to reinstate supported by two affidavits sufficed. See 40 S.W.3d 533, 538 (Tex. App.-Houston [14th Dist.] 2000, no pet.). In 3V, Inc. , this court concluded that the affidavits supporting the motion to reinstate were sworn and based on personal knowledge. See ids="11115585" index="19" url="https://cite.case.law/sw3d/40/533/#p538">id.
In finding the movant's former counsel's affidavit a sufficient substitute for verification in Guest , the supreme court noted that "procedural rules should be construed and applied so that the right of appeal is not unnecessarily lost to technicalities." See Guest , 195 S.W.3d at 688. Though the verification remains a core requirement of the rule, courts recognize substitutes when they serve as the functional equivalent of a verification, and in this way courts preserve and protect parties' appellate rights. See Tex. R. Civ. P. 165a. Still, not all attempts serve as the functional equivalent of a verification.
For example, in Twist , the Thirteenth Court of Appeals dismissed an attempted appeal from a dismissal for want of prosecution. See Twist , 294 S.W.3d at 260-64. The Twist court concluded that the movant had not verified the motion to reinstate or supported it with a sufficient substitute for verification because the movant's attorney only stated that he had read the motion to reinstate and the facts stated therein were within his "personal knowledge and/or belief" and were true and correct. See itation case-ids="7300048" index="22" url="https://cite.case.law/sw3d/294/255/#p260">id. at 258. Because no verification or attached affidavit contained a statement based on personal knowledge, the Twist court concluded that the motion to reinstate did not extend the appellate deadlines and the court deemed the appellant's notice of appeal untimely. See ids="7300048" index="23" url="https://cite.case.law/sw3d/294/255/#p260">id. at 260-64.
Similarly, the purported verifications attached to the Young Parties' Motion to Reinstate recite that "all statements made by me [in the motion] are true and correct to the best of my belief and personal knowledge." The phrase "true and correct to the best of my belief and personal knowledge" does not show personal knowledge and does not satisfy the personal-knowledge requirement to verify a motion to reinstate. See Kerlin v. Arias , 274 S.W.3d 666, 668 (Tex. 2008) ; Hudson , 2015 WL 3751634, at *2 ; Twist , 294 S.W.3d at 260-63. Qualifying the declaration "to the best of one's belief and personal knowledge" raises doubt about the veracity of the statements in the motion to reinstate. See Kerlin , 274 S.W.3d at 668. The Young Parties, who were acting pro se, did not attach any affidavits to the Motion to Reinstate. Because none of their verifications state that the truth of the matters set forth in the Motion to Reinstate falls within the personal knowledge of any of the Young Parties, the law does not recognize *130 the Motion to Reinstate as a verified motion. See Kerlin , 274 S.W.3d at 668 ; Twist , 294 S.W.3d at 262. A statement not based on personal knowledge is not the functional equivalent of a verification.
In Guest and 3V , the record contained substituting documents that supported the motion to reinstate and performed the same function as the verification. Unlike the circumstances in Guest and 3V , where the motions to reinstate were supported by affidavits containing sworn statements by attorneys based on personal knowledge, the Young Parties' Motion to Reinstate is not properly verified or supported by a sufficient substitute for verification. See Twist , 294 S.W.3d at 262.
We are mindful of the supreme court's directive to construe procedural rules liberally to avoid parties forfeiting their rights to appeal based on a technicality. But, the supreme court also has recognized the key function served by the verification requirement, underscored the importance of personal knowledge, and held that motions to reinstate must be verified. McConnell , 800 S.W.2d at 194 ; Butts , 705 S.W.2d at 697. A substitute for verification suffices if it meets the requirements for verification and is filed within thirty days of the trial court's order dismissing the case for want of prosecution. See 3V, Inc. , 40 S.W.3d at 538 ; Twist , 294 S.W.3d at 260-63. But, a motion to reinstate that is not verified or supported by a sufficient substitute for verification does not extend the timetable for filing a notice of appeal. See 3V, Inc. , 40 S.W.3d at 538 ; Twist , 294 S.W.3d at 260-63.
Lack of Jurisdiction
Because the Motion to Reinstate did not extend the timetable for filing a notice of appeal, the deadline for the Young Parties to perfect this appeal fell on April 25, 2016. The Young Parties did not file their notice of appeal on or before that date. They did not file their notice of appeal until June 6, 2016, long after the jurisdictional deadline.[2] See Verburgt v. Dorner , 959 S.W.2d 615, 615 (Tex. 1997) ; Watson , 2015 WL 780563, at *3 ; Twist , 294 S.W.3d at 260. The untimely notice of appeal does not vest this court with appellate jurisdiction. See Verburgt , 959 S.W.2d at 615 ; McConnell , 800 S.W.2d at 194 ; Butts , 705 S.W.2d at 697 ; Watson , 2015 WL 780563, at *3 ; Twist , 294 S.W.3d at 260.
Accordingly, we dismiss the appeal for lack of appellate jurisdiction, and we need not address Di Ferrante's standing and mootness arguments.

We have given all parties ten days' notice under Texas Rule of Appellate Procedure 42.3. See Tex. R. App. P. 42.3. The court granted appellants' request for an extension of time to file a response.

We presume that the Young Parties tried to invoke the mailbox rule under Texas Rule of Civil Procedure 5 by mailing the notice of appeal to the trial court clerk on June 2, 2016, with the intent that the notice of appeal would be deemed filed on June 2, 2016. Even under this presumption, the notice of appeal would not be deemed filed on June 2, 2016, because that date fell after the deadline to perfect appeal and because the district clerk received the notice of appeal on June 6, 2016, more than ten days after the deadline. See Tex. R. Civ. P. 5 ; Kreit v. Brewer & Pritchard , 530 S.W.3d 231, 238-40 (Tex. App.-Houston [14th Dist.] 2017, pet. denied). In any event, the notice of appeal would have been untimely even if the Young Parties had filed it on June 2, 2016.