

# NUMBER 13-20-00299-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**MARK A. CANTU,** **Appellant,**

**v.**

**EMMA PEREZ TREVINO, CARLOS SANCHEZ,
THE MCALLEN MONITOR, MARCI CALTABIANO-PONCE,
VALLEY MORNING STAR, AND AIM MEDIA TEXAS, LLC,** **Appellees.**

---

### On appeal from the 92nd District Court
### of Hidalgo County, Texas

---

# MEMORANDUM OPINION

**Before Justices Benavides, Longoria, and Tijerina
Memorandum Opinion by Justice Benavides**

Appellant Mark A. Cantu attempts to appeal a final judgment for attorneys' fees

and costs rendered in favor of appellees, Emma Perez Trevino, Carlos Sanchez, The

McAllen Monitor, Marci Caltabiano-Ponce, Valley Morning Star, and AIM Media Texas,

LLC. The underlying case has previously been the subject of an original proceeding and an appeal. *See In re Trevino,* No. 13-18-00080-CV, 2018 WL 1736927, at *2 (Tex. App.—Corpus Christi–Edinburg Apr. 11, 2018, orig. proceeding [mand. denied]) (mem. op.); *Trevino v. Cantu,* No. 13-16-00109-CV, 2017 WL 1056404, at *1 (Tex. App.—Corpus Christi–Edinburg, Feb. 2, 2017, no pet.) (mem. op.). Concluding that Cantu's notice of appeal was untimely, we dismiss this appeal for want of jurisdiction.

## I. BACKGROUND

In 2017, this Court reversed the trial court's denial of appellees' motions to dismiss the underlying case under the Texas Citizens Participation Act (TCPA). *See Trevino,* 2017 WL 1056404, at *1–5; *see also* TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.001–.011 (codifying the TCPA); *In re Lipsky,* 460 S.W.3d 579, 584 (Tex. 2015) (orig. proceeding) (stating that the purpose of the TCPA is to protect "citizens who petition or speak on matters of public concern from retaliatory lawsuits that seek to intimidate or silence them"). We remanded the case for further proceedings consistent with our opinion pertaining to the TCPA's award of court costs and reasonable attorney's fees. *See Trevino,* 2017 WL 1056404, at *5 (citing TEX. CIV. PRAC. & REM. CODE ANN. § 27.009 (governing the award of damages and costs under the TCPA)). On remand, on March 2, 2020, the trial court signed a "Final Judgment" in this case. The judgment states that:

> On August 28, 2019, the Court heard the Motion for Fees, Costs and Expenses filed by defendants Emma Perez-Trevino, Carlos Sanchez, The Monitor, Marcia Caltabiano-Ponce, Valley Morning Star, and AIM Media Texas, LLC, pursuant to the July 25, 2017 mandate of the Thirteenth Court of Appeals, which remanded the case to this Court for further proceedings consistent with the Court's opinion.
>
> The Thirteenth Court of Appeals dismissed the plaintiffs' lawsuit in its entirety. Therefore, the only issue remaining in this case is the amount of the reasonable and necessary attorneys' fees and costs incurred in the

2

litigation of their motion to dismiss in this Court and in the appellate courts. *Sullivan v. Abraham,* 488 S.W.3d 294, 300 (Tex. 2016) (holding attorneys' fees are mandatory under the TCPA and remanding for trial court to award reasonable and necessary fees).

The trial court's final judgment awarded appellees their attorney's fees, costs, and conditional appellate fees.

On March 4, 2020, Cantu filed a "Request for Findings of Fact and Conclusions of Law." The record before this Court does not indicate whether Cantu pursued this request. *See* TEX. R. CIV. P. 296.

On June 19, 2020, Cantu filed a "Notice of Appeal and Motion to Abate." Cantu asserted that the trial court had signed a final judgment awarding attorneys' fees, costs and expenses of approximately $120,383.00; however, Cantu "had not received the Order Setting Hearing" and would be filing a motion for reconsideration. Cantu also moved to abate the appeal because a new judge had been assigned to the case, and the new judge "can enter into a scheduling order."

On July 15, 2020, the Clerk of this Court notified Cantu that it appeared that the appeal was not timely perfected. *See* TEX. R. APP. P. 37.1, 42.3. The Clerk advised Cantu that the appeal would be dismissed if the defect was not corrected within ten days from the date of receipt of the Court's directive.

On July 22, 2020, Cantu filed a "Motion to Abate Ruling or Alternatively, Motion to Retain Appeal." In this motion, Cantu asserted that the trial court judge had signed a final judgment on March 2, 2020 and that he had timely filed a motion for reconsideration on March 13, 2020. Cantu asserted that, during the intervening period, the trial court judge had recused himself; the Presiding Judge of the Fifth Administrative Judicial Region had assigned another judge to the case; Cantu had objected to the new judge; and the

3

Presiding Judge of the Fifth Administrative Judicial Region had subsequently appointed the Honorable Joel Johnson to preside over the case. Cantu asserted that Judge Johnson had scheduled a hearing on August 14, 2020 to determine (1) whether the court still possessed plenary jurisdiction over the case, and (2) whether Cantu's motion for reconsideration should be granted. Cantu requested that this Court defer making a determination regarding whether his appeal was timely until Judge Johnson had ruled on Cantu's motion for reconsideration, or alternatively, that this Court grant Cantu an extension of time to file his notice of appeal. Cantu asserted that the recusal of the original judge and subsequent judicial appointments affected his appellate deadlines and his "miscalculation" of the appellate deadline to file his notice of appeal constituted a reasonable excuse to grant an extension of time:

> As grounds thereof, [Cantu] miscalculated his appellate deadline. The deadline to file the notice of appeal was June 1, 2020. Unfortunately, [Cantu], who is acting pro se, is currently suffering from high ammonia levels in his bloodstream, which causes him to be unable to think or calculate clearly. (In laymen's terms, he acts loopey [sic].) Such medical problems have been compounded by the current Covid 19 pandemic; the required mask limits the oxygen which reaches his system. Accordingly, he calculated the deadline for filing his notice of appeal 120 days after the judgment was signed, instead of 90 days after the judgment was signed. [Cantu] now realizes that his notice of appeal was due 90 days after the judgment was filed, with an additional fifteen-day window for filing a motion for extension of time, i.e. June 16, 2020. His notice of appeal was filed on June 19, 2020, and so he is requesting an eighteen-day extension.

Cantu further argued that the Texas Supreme Court's emergency orders pertaining to the Covid-19 pandemic provide this Court with "the ability to suspend all deadlines, including the deadline to file a motion for extension of time."

On July 28, 2020, appellees filed their response to Cantu's "Motion to Abate Ruling or Alternatively, Motion to Retain Appeal." The appellees asserted that the final judgment

4

was no longer subject to appeal and Cantu's failure to timely file a notice of appeal was incurable. They alleged that the supreme court's emergency orders lack any provision that extends the plenary jurisdiction of the trial court or this Court, and that the emergency orders expressly state that they do not extend the deadlines for appeal. According to appellees, the deadline for filing Cantu's notice of appeal was June 1, 2020, the "absolute" deadline by motion for extension of time was June 16, 2020, and Cantu did not file his notice of appeal until June 19, 2020. Appellees thus assert that we lack discretion to extend the appellate deadlines in this case and they request that we dismiss this appeal.

On July 30, 2020, Cantu filed a reply to appellees' response. Cantu asserted that, pursuant to the emergency orders, he filed his appeal "only three days late," that he has appropriately requested relief from this Court, and such relief should be "generously" granted.

On August 17, 2020, appellees filed a "Notice of the Trial Court's Order on Jurisdiction" and provided this Court with the copy of the order regarding jurisdiction signed by Judge Johnson. The order is entitled "Order denying Post-Judgment Motions for Lack of Jurisdiction." The order states:

> On August 14, 2020, the Court conducted a hearing on Plaintiff Mark A. Cantu's (1) Second Motion for Reconsideration of Court's Order Granting Defendants' Motion for Fees, Costs, Expenses and Final Judgment; and (2) Objection to Findings of Fact and Conclusions of Law and a Request under Texas Rule of Civil Procedure 298. After considering the parties' filings on these matters and on the issue of jurisdiction, reviewing the procedural history of the case, and hearing the arguments of both sides on the merits and on the jurisdictional issues, the Court FINDS the following:
>
> 1.  The Final Judgment was signed on March 2, 2020. Therefore, Mr. Cantu's original and amended motions for reconsideration were overruled by operation of law on the 75th day following the signing of the judgment, on May 16, 2020. TEX. R. CIV. P. 329b(c). The plenary

5

jurisdiction of this Court expired 30 days later, on June 15, 2020. [*Id.* R.] 329b(e).

2.  The Emergency Orders Regarding the Covid-19 State of Disaster that have been issued by the Supreme Court of Texas do not extend appellate deadlines and do not extend the plenary jurisdiction of this Court.

3.  Any counterclaims filed by Mr. Cantu merged into the Final Judgment that was signed March 2, 2020. Therefore, there are no parties, issues, or claims remaining in this case.

Appellees asserted that the trial court's findings confirm that Cantu's notice of appeal was untimely. They asserted that because the judgment was signed on March 2, the deadline for filing his notice of appeal was Monday, June 1, 2020. Appellees argued that the Texas Rules of Appellate Procedure allowed Cantu an additional fifteen days to file a late notice of appeal if he filed a motion for extension of time providing a reasonable explanation for the late filing. TEX. R. APP. P. 26.3. Appellees thus contended that the final deadline for Cantu to file a late notice of appeal expired on June 16, 2020; however, Cantu did not file a notice of appeal until June 19, 2020, which was three days after his final deadline.

## II. TIMELINESS OF NOTICE OF APPEAL

Absent a timely filed notice of appeal, an appellate court lacks jurisdiction over the appeal. *In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 307 (Tex. 2010) (orig. proceeding); *Jarrell v. Bergdorf*, 580 S.W.3d 463, 466 (Tex. App.—Houston [14th Dist.] 2019, no pet.); *Baker v. Regency Nursing & Rehab. Ctrs., Inc.*, 534 S.W.3d 684, 684–85 (Tex. App.—Corpus Christi–Edinburg 2017, no pet.). Generally, a notice of appeal is due within thirty days after the judgment is signed. *See* TEX. R. APP. P. 26.1. The deadline to file a notice of appeal is extended to ninety days after the date the judgment is signed if, within thirty days after the judgment is signed, any party timely files a motion for new trial,

6

motion to modify the judgment, motion to reinstate, or, under certain circumstances, a request for findings of fact and conclusions of law. *See id.* R. 26.1(a); TEX. R. CIV. P. 296, 329b(a),(g); *Young v. Di Ferrante*, 553 S.W.3d 125, 128 (Tex. App.—Houston [14th Dist.] 2018, pet. denied).

The time to file a notice of appeal also may be extended if, within fifteen days after the deadline to file the notice of appeal, a party properly files a motion for extension of time. *See* TEX. R. APP. P. 10.5(b), 26.3. A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by Rule 26.1 but within the fifteen-day extension period provided by Rule 26.3. *See id.* R. 26.1, 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (discussing the former appellate rules); *Baker*, 534 S.W.3d at 684–85; *City of Dallas v. Hillis*, 308 S.W.3d 526, 529 (Tex. App.—Dallas 2010, pet. denied). Although a motion for extension of time is necessarily implied, the appellant must still provide a reasonable explanation for failing to file the notice of appeal timely. *See* TEX. R. APP. P. 10.5(b)(1)(C), (2)(A); *Jones v. City of Houston*, 976 S.W.2d 676, 677 (Tex. 1998); *Felt v. Comerica Bank,* 401 S.W.3d 802, 806 (Tex. App.—Houston [14th Dist.] 2013, no pet.). Any conduct short of deliberate or intentional noncompliance qualifies as a reasonable explanation for failing to timely file the notice of appeal. *Hone v. Hanafin*, 104 S.W.3d 884, 886–87 (Tex. 2003) (per curiam); *Baker*, 534 S.W.3d at 685. But, "once the period for granting a motion for extension of time under Rule [26.3] has passed, a party can no longer invoke the appellate court's jurisdiction." *Verburgt*, 959 S.W.2d at 617; *see Kinnard v. Carnahan*, 25 S.W.3d 266, 268 (Tex. App.—San Antonio 2000, no pet.). Stated otherwise, we may not "alter the

7

time for perfecting an appeal beyond the period" authorized by the appellate rules. *Verburgt*, 959 S.W.2d at 617.

### III. ANALYSIS

Here, the trial court signed the final judgment on March 2, 2020. Cantu filed a motion for reconsideration, thereby extending his deadline to file his notice of appeal within ninety days after the judgment was signed, or May 31, 2020.[1] *See* TEX. R. APP. P. 26.1. Because May 31, 2020 was a Sunday, Cantu's deadline was extended pursuant to the appellate rules until the next business day, or Monday, June 1, 2020. *See id.* R. 4.1, 26.1. Cantu did not file his notice of appeal until June 19, 2020. Cantu's notice of appeal was not filed within the fifteen-day extension period. *See id.* R. 26.1, 26.3. Accordingly, based upon the applicable rules and case law, Cantu's notice of appeal was untimely.

Nonetheless, Cantu contends that we have the authority to extend the time for him to file his notice of appeal pursuant to the Texas Supreme Court's series of emergency pandemic orders issued in response to Governor Greg Abbott's COVID-19 disaster proclamation on March 13, 2020. *See In re State*, 602 S.W.3d 549, 551 (Tex. 2020) (orig. proceeding).[2] In its orders, the supreme court tolled the deadlines for the filing or service

---

[1] The papers currently before the Court do not contain Cantu's motion for reconsideration or his second motion for reconsideration. However, appellees do not dispute that Cantu timely filed an appropriate post-judgment motion which extended his appellate deadline to file the notice of appeal. *See generally* TEX. R. APP. P. 26.1(a). Further, it appears that Cantu's request for findings of fact and conclusions of law would act similarly to extend the appellate deadlines. *See id.* R. 26.1(a)(4); *IKB Indus. (Nigeria) Ltd. v. Pro-Line Corp.*, 938 S.W.2d 440, 441 (Tex. 1997).

[2] Given the evolving and continuing nature of the pandemic, the supreme court has so far issued twenty-four emergency orders regarding the Covid-19 state of disaster. *See, e.g., Eleventh Emergency Order Regarding COVID-19 State of Disaster*, 597 S.W.3d 502 (Tex. 2020); *Tenth Emergency Order Regarding COVID-19 State of Disaster*, 597 S.W.3d 846 (Tex. 2020); *Ninth Emergency Order Regarding COVID-19 State of Disaster*, 597 S.W.3d 845 (Tex. 2020); *Eighth Emergency Order Regarding COVID-19 State of Disaster*, 597 S.W.3d 844 (Tex. 2020); *Seventh Emergency Order Regarding COVID-19 State of Disaster*, 597 S.W.3d 501 (Tex. 2020); *Sixth Emergency Order Regarding COVID-19 State of Disaster*, 597 S.W.3d 501 (Tex. 2020); *Fifth Emergency Order Regarding COVID-19 State of Disaster*, 596 S.W.3d 789 (Tex. 2020); *Fourth Emergency Order Regarding COVID-19 State of Disaster*, 596 S.W.3d 788 (Tex. 2020);

of any civil case but expressly stated that "[t]his does not include deadlines for perfecting appeal or for other appellate proceedings, requests for relief from which should be directed to the court involved and should be generously granted." *See*, *e.g.*, *Eighth Emergency Order Regarding COVID-19 State of Disaster*, 597 S.W.3d 844 (Tex. 2020); *see also Twenty-First Emergency Order Regarding the Covid-19 State of Disaster*, Misc. Docket No. 20-9091 (Tex. July 31, 2020), available at https://www.txcourts.gov/media/1449546/209091.pdf.

In considering this issue, we acknowledge and appreciate that the Texas Rules of Appellate Procedure are to be construed reasonably, yet liberally. *Verburgt*, 959 S.W.2d at 616. An appeal should not be dismissed "whenever any arguable interpretation of the Rules of Appellate Procedure would preserve the appeal." *Id.*; *see Consol. Healthcare Servs., LLC v. Mainland Shopping Ctr., Ltd.*, 589 S.W.3d 915, 921 (Tex. App.—Houston [14th Dist.] 2019, no pet.). *In re E.O.*, 589 S.W.3d 902, 904 (Tex. App.—El Paso 2019, no pet.). We further agree with the Dallas Court of Appeals that "the unique and serious circumstances created by the COVID pandemic require flexibility and adaptability in all aspects of our legal system." *In re Rodriguez*, No. 05-20-00523-CV, 2020 WL 2487061, at *2 (Tex. App.—Dallas May 13, 2020, orig. proceeding) (mem. op.).

Nevertheless, the appellate rules do not allow us to alter the time for perfecting an appeal in a civil case. *See* TEX. R. APP. P. 2 ("On a party's motion or on its own initiative an appellate court may—to expedite a decision or for other good cause—suspend a rule's

---

*Third Emergency Order Regarding COVID-19 State of Disaster*, 596 S.W.3d 266, 267 (Tex. 2020); *Second Emergency Order Regarding COVID-19 State of Disaster*, 596 S.W.3d 266 (Tex. 2020); *First Emergency Order Regarding COVID-19 State of Disaster*, 596 S.W.3d 265 (Tex. 2020). Those orders which have not yet been published may be found on the Texas Supreme Court's website in its administrative orders. *See* https://www.txcourts.gov/supreme/administrative-orders/2020/.

operation in a particular case and order a different procedure; but a court must not construe this rule to . . . to alter the time for perfecting an appeal in a civil case."); *Spencer v. Pagliarulo*, 448 S.W.3d 605, 607 (Tex. App.—Houston [1st Dist.] 2014, no pet.). And, the supreme court's emergency orders tolling deadlines explicitly do not apply to deadlines for perfecting appeal. *See, e.g.*, *Eighth Emergency Order Regarding COVID-19 State of Disaster*, 597 S.W.3d at 844; *see also Arriola v. State*, No. 04-20-00307-CR, 2020 WL 5215057, at *1 (Tex. App.—San Antonio Sept. 2, 2020, no pet. h.) (mem. op., not designated for publication) ("Arriola also points to various emergency orders that were in place during the COVID-19 pandemic. However, none of these orders would have extended the deadline in which appellant had to file his notice of appeal."); *Arriola v. State*, No. 04-20-00306-CR, 2020 WL 5214765, at *1 (Tex. App.—San Antonio Sept. 2, 2020, no pet. h.) (mem. op., not designated for publication) (same); *Satterthwaite v. First Bank*, No. 02-20-00182-CV, 2020 WL 4359400, at *1 n.1 (Tex. App.—Fort Worth July 30, 2020, no pet. h.) (mem. op.) (recognizing that the Texas Supreme Court had issued an emergency order regarding the COVID-19 pandemic that extends filing and service deadlines but noting that the extension "does not include deadlines for perfecting appeal" and dismissing the appeal as untimely). While the supreme court's emergency orders state that "requests for relief" from "deadlines for perfecting appeal or for other appellate proceedings" should be "generously granted," nothing in the emergency orders suggest that they alter the rules of appellate procedure or purport to grant jurisdiction where none exists. Rather, the emergency orders merely direct the courts to exercise their discretion liberally where that discretion exists. In short, the emergency orders do not allow us to

10

"alter the time for perfecting an appeal beyond the period" authorized by Rule 26.3. *See Verburgt*, 959 S.W.2d at 617; *Kinnard*, 25 S.W.3d at 268.

Based on the foregoing, we conclude that Cantu's notice of appeal was untimely. *See* TEX. R. APP. P. 26.1; *Young*, 553 S.W.3d at 128. We thus lack jurisdiction over this appeal. *See In re United Servs. Auto. Ass'n*, 307 S.W.3d at 307; *Jarrell*, 580 S.W.3d at 466; *Baker*, 534 S.W.3d at 684–85.

## IV. CONCLUSION

The Court, having examined and fully considered the documents on file, is of the opinion that the appeal should be dismissed for want of jurisdiction. *See Baker v. Baker*, 469 S.W.3d 269, 272 (Tex. App.—Houston [14th Dist.] 2015, no pet.) ("If the notice of appeal is untimely, the reviewing court lacks jurisdiction and must dismiss the case."). Accordingly, we deny Cantu's "Motion to Abate Ruling or Alternatively, Motion to Retain Appeal." We grant appellees' motion to dismiss the appeal. We dismiss the appeal for want of jurisdiction.

GINA M. BENAVIDES
Justice

Delivered and filed the
24th day of September, 2020.

11