**Dismissed and Memorandum Opinion filed August 23, 2022.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-20-00811-CV

---

### ANTHONY SAINT VAL, Appellant

### V.

### PATRICIA HILL, VICE-PRESIDENT OF GLENCAIRN ASSOCIATION BOARD OF DIRECTORS, Appellee

---

**On Appeal from the County Civil Court at Law No. 3
Harris County, Texas
Trial Court Cause No. 1129479**

---

## MEMORANDUM OPINION

Appellant/plaintiff Anthony Saint Val attempts to appeal from an order signed on September 23, 2020, dismissing this suit for want of prosecution. Saint Val filed his notice of appeal on December 4, 2020. Concluding we lack appellate jurisdiction, we dismiss the appeal and a pending motion.

# I. BACKGROUND

Saint Val sued appellee/defendant Patricia Hill, Vice-President of Glencairn Association Board of Directors, asserting breach-of-contract and unjust-enrichment claims based on allegedly improper items allegedly charged to Saint Val by the Glencairn Community Improvement Association Board of Directors. On September 23, 2020, the trial court signed an order dismissing Saint Val's suit for want of prosecution. Saint Val filed an unverified "Motion to Reopen the Case" on September 29, 2020. The trial court denied the motion, and on December 4, 2020, Saint Val filed his notice of appeal. The notice of appeal does not comply with the requirements of Texas Rule of Appellate Procedure 25.1(d), and Saint Val did not specifically identify the trial court's September 23, 2020 order as the order from which Saint Val sought to appeal. Nonetheless, we construe Saint Val's notice of appeal as a bona fide attempt to appeal the trial court's September 23 dismissal order. *See Warwick Towers Council of Co-Owners v. Park Warwick, L.P.*, 244 S.W.3d 838, 839–40 (Tex. 2008) (per curiam).

## II. JURISDICTIONAL ANALYSIS

No party has asserted that Saint Val failed to timely file his notice of appeal, but we must review sua sponte issues affecting our appellate jurisdiction.[1] *See M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 673 (Tex. 2004). An appellate court generally has jurisdiction over a case if a notice of appeal is filed within thirty days after the final judgment is signed unless one of the deadline-extending circumstances listed in Texas Rule of Appellate Procedure 26.1 is present. *See* Tex. R. App. P. 26.1; *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443–44 (Tex. 1993); *Watson v. Clark*, No. 14-14-00031-CV, 2015 WL 780563, at *1

---

[1] We have given all parties ten days' notice under Texas Rule of Appellate Procedure 42.3. *See* Tex. R. App. P. 42.3.

(Tex. App.—Houston [14th Dist.] Feb. 24, 2015, no pet.) (mem. op.); *see also* Tex. R. App. P. 4.1 (computing time). Under Rule 26.1, filing a verified motion to reinstate under Texas Rule of Civil Procedure 165a within thirty days of the order of dismissal for want of prosecution extends the deadline to perfect appeal to ninety days after the trial court signed the dismissal order. *See* Tex. R. App. P. 26.1; *Watson*, 2015 WL 780563, at *1.

A motion to reinstate stands as the only remedy available to a party when the trial court has dismissed the case for want of prosecution. *See Watson*, 2015 WL 780563, at *1. Thus, we deem Saint Val's "Motion to Reopen the Case" to be a motion to reinstate ("Motion to Reinstate"). *See id.* Saint Val filed his Motion to Reinstate within thirty days of the trial court's dismissal order. Thus, the Motion to Reinstate was timely. But, to extend the deadline to perfect appeal, the Motion to Reinstate must have been verified or supported by a sufficient substitute for verification. *See McConnell v. May*, 800 S.W.2d 194, 194 (Tex. 1990); *Young v. DiFerrante*, 553 S.W.3d 125, 128 (Tex. App.—Houston [14th Dist.] 2018, pet. denied).

If Saint Val did not verify the Motion to Reinstate or support it with a sufficient substitute for verification, we would lack appellate jurisdiction because the deadline to perfect appeal would be November 9, 2020, at the latest, and Saint Val did not perfect appeal until December 4, 2020. *See* Tex. R. App. P. 4.1(a); *Verburgt v. Dorner*, 959 S.W.2d 615, 615 (Tex. 1997); *McConnell*, 800 S.W.2d at 194; *Butts v. Capitol City Nursing Home, Inc.*, 705 S.W.2d 696, 697 (Tex. 1986); *Watson*, 2015 WL 780563, at *1.

## A. Verification Requirement for Motions to Reinstate

Rule 165a states, "a motion to reinstate shall set forth the grounds therefor and be verified by the movant or his attorney." Tex. R. Civ. P. 165a. Rule 165a

does not define "verified." Though the rule does not expressly require that the verification be based on personal knowledge, courts have held that verifications must be based on personal knowledge. *See Young*, 553 S.W.3d at 128. A verification is "[a] formal declaration made in the presence of an authorized officer, such as a notary public, by which one swears to the truth of the statements in [a] document." *Douglas v. American Title Co.*, No. 14-08-00676-CV, 2009 WL 3851674, at *3 (Tex. App.—Houston [14th Dist.] Nov. 19, 2009, no pet.) (mem. op.). Courts have held that a motion to reinstate supported by one or more affidavits may satisfy Rule 165a's requirements. *See id.* at 129. Though the verification remains a core requirement of the rule, courts recognize substitutes when they serve as the functional equivalent of a verification. *See id.*

Saint Val, who was acting pro se, did not verify or attempt to verify the Motion to Reinstate. Nor did Saint Val attach any affidavit or declaration[2] to the Motion to Reinstate. The Motion to Reinstate did not contain the functional equivalent of a verification, nor was the motion supported by a sufficient substitute for verification. *See id.* at 128–30; *Twist v. McAllen Nat. Bank*, 294 S.W.3d 255, 262 (Tex. App.—Corpus Christi 2009, no pet.)

## B. Lack of Appellate Jurisdiction

Because Saint Val's Motion to Reinstate was not verified or supported by a sufficient substitute for verification, the motion did not extend the timetable for filing a notice of appeal. *See Jarrell v. Bergdorf*, 580 S.W.3d 463, 465–67 (Tex. App.—Houston [14th Dist.] 2019, no pet.); *Young*, 553 S.W.3d at 128–30; *Twist*, 294 S.W.3d at 260–63. If the plaintiff does not file a timely motion to reinstate that

---

[2] *See* Tex. Civ. Prac. & Rem. Code. Ann. § 132.001(a) (West, Westlaw through 2021 C.S.) (stating that "[e]xcept as provided by Subsection (b), an unsworn declaration may be used in lieu of a written sworn declaration, verification, certification, oath, or affidavit required by statute or required by a rule, order, or requirement adopted as provided by law.").

satisfies the verification requirement, the deadline to file a notice of appeal is, at most, forty-five days after the date of the dismissal order. *See Verburgt*, 959 S.W.2d at 615; *Young*, 553 S.W.3d at 130; *Twist*, 294 S.W.3d at 260. Therefore, the latest possible deadline for Saint Val to perfect this appeal was on Monday, November 9, 2020. *See* Tex. R. App. P. 4.1(a); *Verburgt*, 959 S.W.2d at 615; *Jarrell*, 580 S.W.3d at 465–67; *Young*, 553 S.W.3d at 130. Saint Val did not file his notice of appeal until December 4, 2020, after the jurisdictional deadline. *See Verburgt*, 959 S.W.2d at 615; *Jarrell*, 580 S.W.3d at 465–67; *Young*, 553 S.W.3d at 130. This untimely notice of appeal does not vest this court with appellate jurisdiction. *See Verburgt*, 959 S.W.2d at 615; *McConnell*, 800 S.W.2d at 194; *Jarrell*, 580 S.W.3d at 465–67; *Young*, 553 S.W.3d at 128–30 (holding that court lacked appellate jurisdiction over pro se parties' attempt to appeal order dismissing for want of prosecution because the parties' motion to reinstate was not verified or supported by a sufficient substitute for verification and thus did not extend the timetable for filing a notice of appeal, and the parties filed their notice of appeal more than 45 days after the dismissal order).

## C. Conclusion

Accordingly, we dismiss the appeal for lack of appellate jurisdiction. This court previously ordered that Saint Val's January 7, 2021 motion in this court be taken with the case. Because we lack appellate jurisdiction, we also dismiss this motion for want of jurisdiction.

/s/    Randy Wilson
        Justice

Panel consists of Chief Justice Christopher and Justices Spain and Wilson.

5