# NO. 12-22-00218-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *WOLFGANG P. DEMINO,* *APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *FELIPE N. GOMEZ,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

This is an appeal from the trial court's dismissal for want of prosecution.[1]  We affirm.

## BACKGROUND

This dispute grew out of an attempt to invalidate restrictions on abortions in Texas.  Alan Braid, M.D., announced in an op-ed piece in the Washington Post that he performed an abortion in violation of Texas Law.  Braid's apparent intent was to encourage a lawsuit against him that would result in the invalidation of the Texas law as unconstitutional.  Appellee, Felipe N. Gomez, sued Braid in Bexar County, Texas where Braid resided.[2]  However, Gomez publicly stated that he was really a "pro-choice plaintiff" and rather than seeking to punish Braid, he sued

---

[1] Both parties to this appeal are acting pro se.

[2] This Court is aware that Gomez filed for bankruptcy.  When a petition in bankruptcy is filed, "it operates as an automatic stay against the commencement or continuation of any judicial, administrative, or other proceeding against the debtor." **Budzyn v. Citibank, NA**, No. 01-08-00211-CV, 2010 WL 2044628, at \*1 (Tex. App.—Houston [1st Dist.] May 19, 2010) (order) (per curiam); 11 U.S.C. § 362(a). Actions taken in violation of the automatic stay, including judgments or other court actions, are voided. **Budzyn**, 2010 WL 2044628, at \*1.  Because an appeal is a continuation of judicial action, it is automatically stayed if "against the debtor." **Id**. But if the debtor was the plaintiff in the court below, the stay does not apply. **Id**.  Here, Gomez is the debtor and he was the plaintiff in the court below.  Accordingly, the stay does not apply to this case. *See id*.; *see also* **In re Mid-City Parking, Inc.**, 332 B.R. 798, 807 (Bankr. N.D. Ill. 2005) ("To the extent that the claim was not 'against' the debtor at its inception because the debtor occupied a plaintiff's position, its further prosecution is not stayed pursuant to § 362(a)(1)").

in hope of getting the Texas law declared unconstitutional. Appellant, Wolfgang P. DeMino, saw Gomez's suit as an attempt to procure the overturn of the Texas legislation through collusive litigation and brought an adversarial proceeding against Braid. DeMino also intervened in another case against Braid. During the litigation, he referred to Gomez as a "disbarred" Illinois lawyer and described his lawsuit against Braid as "collusive." Gomez subsequently sued DeMino alleging that DeMino's references to him as "disbarred" and to his lawsuit against Braid as "collusive" were defamatory.

The peculiar procedural history of this case is as follows:

1. On May 4, 2022, Gomez sued DeMino in Smith County seeking $100,000.00 on his defamation claim.

2. On May 5, DeMino files an answer and counterclaim for damages for a smear campaign waged by Gomez.

3. On May 6, DeMino filed his first motion for partial summary judgment.

4. On June 1, Gomez responded to the motion for partial summary judgment.

5. On June 14, an order issued setting a June 24 hearing on DeMino's motion and gave notice of the court's intent to dismiss under Rule 165a if a party seeking affirmative relief failed to appear.

6. On June 24, the trial court dismissed the case for want of prosecution after making the following findings:

   a. Both parties received notice of the setting of the summary judgment hearing and of the court's intent to dismiss the case for want of prosecution should the parties fail to appear;
   b. Both parties had notice of the hearing but were reluctant to appear because of their personal conflicts with one another;
   c. At 8:00 the case was called and neither party was present;
   d. No continuance had been filed as of 11:00 a.m.

7. On June 27, DeMino filed a second motion for summary judgment on all of Gomez's defamation claims.

8. On July 25, DeMino filed an "Omnibus Post Judgment Motion and Request to Incorporate MSJ Rulings into Final Judgment of Dismissal." DeMino stated that "this is not a motion for new trial, nor a motion to vacate the DWOP in toto, but a motion to modify, correct, or reform the judgment." He requested that the court convert the dismissal, "which is currently one without prejudice, to a judgment dismissing Plaintiff's [Gomez's] defamation claims with prejudice based on the Court's [granting] of the Defendant's [post-judgment] motions for summary judgment, which are hereby incorporated by reference."

9. On August 2 at 1:51 p.m., the trial court construed DeMino's post-dismissal motions as motions to reinstate the case and set the same for hearing on September 9 at 11:00 a.m.

10. On August 3 at 9:39 a.m. DeMino filed a notice of appeal from the trial court's June 24 dismissal for want of prosecution.

11. On August 3 at 6:14 p.m., Gomez filed a notice of non-suit notifying the court that his dismissed claims had been re-filed in Chicago.

12. On September 2, DeMino filed a Notice of Nonsuit and Disclaimer as to Rule 165a Motion to Reinstate in which he disclaimed any intent to pursue his counterclaims or to seek reinstatement under Rule 165a.

13. There is no record of any September 9 hearing set by the court's August 3 order.

## JURISDICTION

Whether to dismiss a case for want of prosecution "rests within the sound discretion of the trial court and can be disturbed on review only if the trial court's decision amounted to a clear abuse of discretion." ***Palmer v. Office of the Atty. Gen.***, 656 S.W.3d 640, 644 (Tex. App.–El Paso 2022, no pet.). A trial court abuses its discretion when it acts in an arbitrary and unreasonable manner, or when it acts without reference to any guiding rules or principles. ***Downer v. Aquamarine Operators, Inc.***, 701 S.W.2d 238, 241-42 (Tex. 1985).

A trial court may dismiss for want of prosecution for "failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice. TEX. R. CIV. P. 165a(1). To obtain further action by the trial court, a verified motion to reinstate is the only remedy available to a party when the trial court dismisses for want of prosecution. ***Young v. DiFerrante***, 553 S.W.3d 125, 128 (Tex. App.–Houston [14th Dist.] 2018, pet. denied); *see* ***Gilbert v. Huber, Hunt, Nichols, Inc.***, 671 S.W.2d 869, 870 (Tex. 1984) (per curiam); ***Sierra Club v. Tex Comm'n on Envtl. Quality***, 188 S.W.3d 220, 222 (Tex. App.–Austin 2005, no pet.).

Although a verified motion to reinstate is the venue to obtain further proceedings in the trial court, such a motion is not a prerequisite to appeal for want of prosecution. ***Palmer***, 656 S.W.3d at 645; ***Maida v. Fire Ins. Exch.***, 990 S.W.2d 836, 838 n.1 (Tex. App.–Fort Worth 1999, no pet.). A motion to reinstate will extend the time for filing a notice of appeal to within ninety days after the judgment is signed. TEX. R. APP. P. 26.1(a)(3). If no motion to reinstate is filed with the clerk of the trial court within thirty days after the order of dismissal is signed or within the period by Rule of Civil Procedure 306a, notice of appeal must be filed within thirty days after the order of dismissal is signed. TEX. R. APP. P. 26.1. Rule 26.3 provides however, that the appellate court may extend the time to file the notice of appeal if within fifteen days after the deadline for filing the notice of appeal, the party files in the trial court the notice of appeal and files in the appellate court a motion explaining the facts relied on to reasonably explain the need

3

for an extension. TEX. R. APP. P. 26.3. A motion for an extension of time is implied when an appellant, acting in good faith, files a notice of appeal beyond the thirty-day limit allowed by Rule 26.1, but within the fifteen-day extension period provided by Rule 26.3. *See **Verburgt v. Dorner**,* 959 S.W.2d 615, 617 (Tex 1997); ***City of Dallas v. Hillis***, 308 S.W.3d 526, 529 (Tex. App.–Dallas 2010, pet. denied). Any conduct short of deliberate or intentional noncompliance qualifies as a reasonable explanation. *See **Hone v. Hanafin***, 104 S.W.3d 884, 886–87 (Tex. 2003) (per curiam).

## Analysis

DeMino filed no verified motion for reinstatement within thirty days of the signing of the dismissal order. He filed his notice of appeal beyond the thirty-day limit for filing such notice but withing the fifteen-day period during which the appellate court may extend the time to file an appeal. There is no indication that DeMino was not acting in good faith, and, therefore, a motion for an extension of time to file a notice of appeal is implied in his notice of appeal. *See **Verburgt***, 959 S.W.2d 617. His notice of appeal shows that he mistakenly believed that his post-dismissal motion for summary judgment filed three days after the signing of the order of dismissal served to extend the time for perfecting an appeal, because it was a post-judgment motion seeking a substantive change in the judgment of the trial court. In his notice of appeal, DeMino states as follows:

> Appellant – Defendant DeMino timely filed two post-judgment motions within 30 days of the date of the June 24 dismissal order, thereby extending the plenary power and post-judgment deadlines.

This shows that Appellant's failure to file within thirty days of the order was not deliberate, but the result of "inadvertence, mistake, or mischance." ***Hone***, 104 S.W.3d 886. This satisfies Rule 10.3(b)'s requirements that an appellant "reasonably explain its need for an extension." ***Id.***; TEX. R. APP. P. 10.5(b). Therefore, we conclude this Court has jurisdiction.

## ABUSE OF DISCRETION

In four issus, DeMino maintains that the trial court abused its discretion when it failed to modify its dismissal order for want of prosecution. He insists the trial court reversibly erred in not granting his post-dismissal motion for summary judgment on the merits. He maintains that the summary judgment evidence supporting his post dismissal motion establishes that the

statements Gomez claims are defamatory are substantially true or judicially privileged. DeMino's motion for partial summary judgment was set for hearing on June 24 with notice of the trial court's intent to dismiss under Rule 165a if a party seeking affirmative relief failed to appear. The trial found that both parties had notice and both failed to appear.

DeMino filed no verified motion to reinstate as require by Rule 165a. Absent the trial court's grant of such a motion, the trial court lacked the power to act on DeMino's post dismissal motion for summary judgment. *See Young*, 553 S.W.3d 125, 128. The record reveals no reasonable explanation for DeMino's failure to appear except his hostile relationship with Gomez. Accordingly, we conclude that the trial court did not abuse its discretion in dismissing this case for want of prosecution. We overrule DeMino's four issues.

## DISPOSITION

We *affirm* the trial court's judgment dismissing the underlying case for want of prosecution.

**BILL BASS**
Justice

Opinion delivered July 12, 2023.
*Panel consisted of Hoyle, J., and Neeley, J., Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JULY 12, 2023**

**NO. 12-22-00218-CV**

**WOLFGANG P. DEMINO,**
Appellant
V.
**FELIPE N. GOMEZ,**
Appellee

Appeal from the 114th District Court
of Smith County, Texas (Tr.Ct.No. 22-0920-B)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance. All costs expended in this cause are assessed against the Appellant, **WOLFGANG P. DEMINO.**

Bill Bass, Justice.
*Panel consisted of Hoyle, J., and Neeley, J. and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*