**Order Vacated and Memorandum Opinion filed October 12, 2023.**



In The

# Fourteenth Court of Appeals

## NO. 14-22-00570-CV

**NEREYDA CALDERON, INDIVIDUALLY AND AS NEXT FRIEND OF C.L. AND Z.L., MINORS; AND ELIDA LOMELI, INDIVIDUALLY AND AS NEXT FRIEND OF A.L. AND A.C., MINORS, Appellants**

**V.**

**MARIO GIOBANNY TORRES, Appellee**

**On Appeal from the 270th District Court
Harris County, Texas
Trial Court Cause No. 2017-09288**

## MEMORANDUM OPINION

Appellants Nereyda Calderon, individually and as next friend of C.L. and Z.L. minors and Elida Lomeli, individually and as next friend of A.L. and A.C., minors, (collectively, the Calderon Parties) appeal the trial court's July 19, 2022 order granting appellee Mario Giobanny Torres's motion to dismiss for lack of jurisdiction. Because the trial court lacked jurisdiction to enter the July 19, 2022 order, the order is void and we must vacate it.

## FACTUAL AND PROCEDURAL BACKGROUND

On February 9, 2017, the Calderon Parties sued Torres asserting tort claims stemming from a car accident. On July 22, 2019, the trial court sent notice to all parties that the Calderon Parties' suit would be dismissed for want of prosecution unless a meritorious default judgment was filed, or an answer was filed.[1] The notice further stated that if neither of those actions was taken, the Calderon Parties must file a verified motion to retain showing good cause to retain the case or diligence in prosecution to avoid dismissal. The deadline for complying with the court's order was September 20, 2019.

On September 20, 2019, the trial court signed an order dismissing the case for want of prosecution. On September 24, 2019, the Calderon Parties filed a document titled, "Plaintiff's Verified Motion to Reinstate," in which the Calderon Parties alleged they failed to comply with the trial court's order due to their attorney's "calendaring error." Despite the title of the document, the Calderon Parties' motion was not verified. Despite the lack of verification, on December 2, 2019, the trial court signed an order granting the motion to reinstate.

On June 10, 2022, Torres filed a motion to dismiss for lack of jurisdiction in which she alleged the trial court lost plenary power over this case on October 20, 2019, 30 days after signing the order of dismissal. In Torres's motion she alleged that because the Calderon Parties' motion to reinstate was not verified it did not operate to extend the trial court's plenary power to reinstate the case. The trial court agreed and, on July 19, 2022, signed an order granting the motion to dismiss. This appeal followed.

---

[1] In 2018, the trial court issued similar notices, but the case was retained after the Calderon Parties filed verified motions to retain.

ANALYSIS

In three issues the Calderon Parties challenge (1) the trial court's July 19, 2022 order of dismissal; (2) the trial court's September 20, 2019 order of dismissal, and (3) the trial court's failure to appoint an attorney ad litem for the minor children. Torres asserts this court lacks jurisdiction except to declare the trial court's July 19, 2022 order void because it was entered after the trial court lost plenary power.

When a plaintiff's lawsuit is dismissed for want of prosecution, the only available remedy is a motion for reinstatement. *See Jarrell v. Bergdorf*, 580 S.W.3d 463, 466 (Tex. App.—Houston [14th Dist.] 2019, no pet.). Texas Rule of Civil Procedure 165a(3) requires a motion to reinstate be "verified by the movant or his attorney." Tex. R. Civ. P. 165a(3); *see also Guest v. Dixon*, 195 S.W.3d 687, 688–89 (Tex. 2006). To satisfy this verification requirement, the motion for reinstatement must either be verified or serve as the functional equivalent of a verified motion. *See Young v. Di Ferrante*, 553 S.W.3d 125, 129–30 (Tex. App.—Houston [14th Dist.] 2018, pet. denied). A motion to reinstate must be filed within thirty days of the date the dismissal order is signed or within the period provided by Rule of Civil Procedure 306a. Tex. R. Civ. P. 165a(3). If the plaintiff does not file a timely motion to reinstate that satisfies the verification requirement, the trial court's plenary power expires 30 days after the date of the dismissal order. *See McConnell v. May*, 800 S.W.2d 194, 194 (Tex. 1990); *Butts v. Capitol City Nursing Home, Inc.*, 705 S.W.2d 696, 697 (Tex. 1986); *Jarrell*, 580 S.W.3d at 466.

The Calderon Parties did not file a motion to reinstate that satisfied the verification requirement within 30 days of the date the dismissal order was signed. The Calderon Parties concede that their September 24, 2019 motion to reinstate, though timely, was not verified. The Calderon Parties did not attach any affidavits to their motion, and the motion is not the functional equivalent of a verified motion.

*See Young*, 553 S.W.3d 125, 129–30. The trial court, therefore, lost plenary power on October 20, 2019, 30 days after signing the order of dismissal. Tex. R. Civ. P. 329b(d). Because the trial court's order reinstating the case was signed well after the date it lost plenary jurisdiction, the December 2, 2019 order reinstating the case is void. *See B.Z.B., Inc. v. Clark*, 273 S.W.3d 899, 904 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (order signed by trial court outside plenary power is void).

Because the trial court lost plenary power on October 20, 2019, the July 19, 2022 order granting Torres's motion to dismiss is also void and must be vacated.

As to the Calderon Parties' challenge to the September 20, 2019 dismissal order and the trial court's failure to appoint an attorney ad litem prior to dismissal, we lack jurisdiction to review the trial court's actions as the time to appeal that decision expired in 2019. *See* Tex. R. App. P. 26.1, 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (if the plaintiff does not file a timely motion to reinstate that satisfies the verification requirement, the deadline to file a notice of appeal is, at most, 45 days after the date of the dismissal order, which includes the 30-day deadline and a 15-day extension period). We overrule the Calderon Parties' three issues on appeal.

## CONCLUSION

We conclude the trial court was without jurisdiction to enter the December 2, 2019 and July 19, 2022 orders. Therefore, those orders are declared void and vacated.

/s/ Jerry Zimmerer
Justice

Panel consists of Justices Wise, Zimmerer, and Poissant.

4