**Henry Scott BAKER, Appellant,**

v.

**REGENCY NURSING AND REHABIL-ITATION CENTERS, INC., Port La-vaca Nursing and Rehabilitation Cen-ter, Inc., Regency Nursing Center Partners of Port Lavaca, Ltd., and Timothy McFarland, M.D., Appellees.**

**NUMBER 13-17-00376-CV**

Court of Appeals of Texas,
Corpus Christi-Edinburg.

Delivered and filed August 10, 2017

Rehearing Denied August 29, 2017

Hon. Brendan Villanueva-Le, Hon. Richard C. Woolsey, Woolsey & Associates, PLLC, Corpus Christi, TX, Hon. Paul Swacina, Victoria, TX, for Appellees.

Mr. Henry Scott Baker pro se.

Before Chief Justice Valdez and Justices Longoria and Hinojosa

**MEMORANDUM OPINION**

Memorandum Opinion by Justice Longoria

Appellant Henry Scott Baker, proceeding pro se, attempted to perfect an appeal from a final take-nothing judgment rendered on May 25, 2017 in cause number 11-8-1407 in the 24th District Court of Calhoun County, Texas. We dismiss this appeal.

Absent a timely filed notice of appeal, an appellate court lacks jurisdiction over the appeal. *In re United Services Auto. Ass'n*, 307 S.W.3d 299, 307 (Tex. 2010). Generally, a notice of appeal is due within thirty days after the judgment is signed. *See* Tex. R. App. P. 26.1. The deadline to file a notice of appeal is extended to ninety days after the date the judgment is signed if, within thirty days after the judgment is signed, any party timely files a motion for new trial, motion to modify the judgment, motion to reinstate, or, under certain circumstances, a request for findings of fact and conclusions of law. *See id.* R. 26.1(a); Tex. R. Civ. P. 296, 329b(a),(g). The time to file a notice of appeal also may be extended if, within fifteen days after the deadline to file the notice of appeal, a party properly files a motion for extension. *See* Tex. R. App. P. 10.5(b), 26.3. A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by rule 26.1, but within the fifteen-

day extension period provided by rule 26.3. *See id.* R. 26.1, 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997); *City of Dallas v. Hillis*, 308 S.W.3d 526, 529 (Tex. App.—Dallas 2010, pet. denied). Although a motion for extension of time is necessarily implied, appellant must still provide a reasonable explanation for failing to file the notice of appeal timely. *See* Tex. R. App. P. 10.5(b)(1)(C), (2)(A); *Jones v. City of Houston*, 976 S.W.2d 676, 677 (Tex. 1998); *Felt v. Comerica Bank*, 401 S.W.3d 802, 806 (Tex. App.—Houston [14th Dist.] 2013, no pet.). Under this standard, any conduct short of deliberate or intentional noncompliance qualifies as a reasonable explanation. *Hone v. Hanafin*, 104 S.W.3d 884, 886–87 (Tex. 2003) (per curiam).

Here, the trial court signed the final judgment on May 25, 2017. Because appellant did not file a post-judgment motion or request for findings of fact and conclusions of law, appellant's notice of appeal was due by June 24, 2017, which was a Saturday, so the deadline was extended under the rules until the next business day, June 26, 2017. *See* Tex. R. App. P. 4.1, 26.1. Appellant's notice of appeal was postmarked July 6, 2017 and file-stamped on July 11, 2017, after the rule 26.1 deadline, but within the fifteen-day extension period. *See id.* R. 26.1, 26.3. On July 14, 2017, the Clerk of this Court notified appellant that it appeared that the appeal was not timely perfected. Appellant was advised that the appeal would be dismissed if the defect was not corrected within ten days from the date of receipt of the Court's directive. Appellant did not file a response or otherwise provide a reasonable explanation for the late filing.[1]

The Court, having examined and fully considered the documents on file and appellant's failure to timely perfect his appeal, is of the opinion that the appeal should be dismissed for want of jurisdiction. Accordingly, the appeal is hereby DISMISSED FOR WANT OF JURISDICTION. *See* Tex. R. App. P. 42.3(a); *see also id.* R. 42.3(b), (c).

---

1. On July 31, 2017, the Clerk of this Court further informed appellant that the filing fee for his notice of appeal was delinquent and requested payment within ten days, or the appeal would be dismissed. *See* Tex. R. App. P. 42.3(b),(c). Appellant has not paid the filing fee.