

# NUMBER 13-18-00334-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

CHARLES W. HAYNES
AND PAMELA HAYNES, Appellants,

v.

SPIRIT OF TEXAS BANK, SSB Appellee.

### On appeal from the County Court
### of Burleson County, Texas.

# MEMORANDUM OPINION[1]

**Before Chief Justice Contreras and Justices Longoria and Hinojosa**
**Memorandum Opinion by Justice Hinojosa**

---

[1] This case is before the Court on transfer from the Tenth Court of Appeals in Waco pursuant to a docket equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 2013 1st C.S.). Because this is a transfer case, we apply the precedent of the Third Court of Appeals to the extent it differs from our own. *See* TEX. R. APP. P. 41.3.

Appellants Charles W. Haynes and Pamela Haynes acting pro se attempted to perfect an appeal in this cause on May 29, 2018. However, although Pamela signed their notice of appeal, Charles did not sign it. On September 5, 2018, the Clerk of this Court notified appellants that Pamela is not a licensed attorney and is therefore prohibited from representing Charles. *See* TEX. GOV'T CODE ANN. § 81.102 (West, Westlaw through 2017 1st C.S.). The Court notified appellants that if this defect was not cured, if it could be done, with an amended notice of appeal within ten days from the date of the Court's letter, the appeal would be dismissed as to Charles. Appellants failed to respond to the Court's letter and did not cure the defect by filing an amended notice of appeal. Thus, Charles has not perfected his attempted appeal in this matter. *See* TEX. R. APP. P. 25.1(c).

The Court, having considered the documents on file and Charles's failure to cure the defect in this matter, is of the opinion that the appeal as to Charles should be dismissed for want of jurisdiction. *See Baker v. Regency Nursing & Rehab. Centers, Inc.*, 534 S.W.3d 684 (Tex. App.—Corpus Christi 2017, no pet.) (providing that an appellate court lacks jurisdiction when the appellant fails to file a timely notice of appeal). Accordingly, this appeal is DISMISSED FOR WANT OF JURISDICTION as to Charles. *See* TEX. R. APP. 42.3 (a), (c).

In addition, Pamela's brief in this cause was due on October 25, 2018. On December 10, 2018, the Clerk of the Court notified Pamela that the brief had not been timely filed. The Court notified Pamela that the appeal was subject to dismissal for want of prosecution under Texas Rule of Appellate Procedure 38.8(a)(1) unless within ten days from the date of receipt of the Court's letter, she reasonably explained the failure and the appellee was not significantly injured by Pamela's failure to timely file a brief. *See* TEX.

R. APP. P. 38.8(a)(1).  Pamela has not responded to this Court's notice, filed a brief, or filed a motion for extension of time to file the brief.

Accordingly, the appeal as to Pamela is DISMISSED FOR WANT OF PROSECUTION.  *See id.* R. 38.8(a)(1), 42.3(b), (c).


LETICIA HINOJOSA
Justice


Delivered and filed the
24th day of January, 2019.