

## NUMBER 13-20-00385-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

REY ESQUIVEL D/B/A
ESQUIVEL BAIL BONDS                                              Appellant,

v.

THE STATE OF TEXAS,                                              Appellee.

On appeal from the 404th District Court
of Cameron County, Texas.

## MEMORANDUM OPINION

**Before Justices Benavides, Hinojosa, and Tijerina**
**Memorandum Opinion by Justice Hinojosa**

This cause is before the Court on its own motion. We must sua sponte consider whether appellant untimely perfected his appeal to this Court, an issue which affects our jurisdiction. *See State ex rel. Best v. Harper*, 562 S.W.3d 1, 7 (Tex. 2018); *Allstate Ins.*

*Co. v. Barne*t, 589 S.W.3d 313, 317 (Tex. App.—El Paso 2019, no pet.). After due consideration, we dismiss the appeal as untimely.

## I. BACKGROUND

Appellant attempted to appeal an order denying bill of review entered by the 404th District Court of Cameron County on March 13, 2020. Appellant did not file his notice of appeal until August 21, 2020, nearly six months later. On August 7, 2020, the Clerk of the Court notified appellant that it appeared his appeal was not timely perfected and requested correction of the defect within ten days. *See* TEX. R. APP. P. 42.3. Appellant filed a motion to extend the time to file the notice, and this court improvidently granted the motion.

## II. APPLICABLE LAW

Absent a timely filed notice of appeal, an appellate court lacks jurisdiction over the appeal. *In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 307 (Tex. 2010) (orig. proceeding); *Jarrell v. Bergdorf*, 580 S.W.3d 463, 466 (Tex. App.—Houston [14th Dist.] 2019, no pet.); *Baker v. Regency Nursing & Rehab. Ctrs., Inc.*, 534 S.W.3d 684, 684–85 (Tex. App.—Corpus Christi–Edinburg 2017, no pet.). Generally, a notice of appeal is due within thirty days after the judgment is signed. *See* TEX. R. APP. P. 26.1. The deadline to file a notice of appeal is extended to ninety days after the date the judgment is signed if, within thirty days after the judgment is signed, any party timely files a motion for new trial, motion to modify the judgment, motion to reinstate, or, under certain circumstances, a request for findings of fact and conclusions of law. *See id*. R. 26.1(a); TEX. R. CIV. P. 296,

2

329b(a),(g); *Young v. Di Ferrante*, 553 S.W.3d 125, 128 (Tex. App.—Houston [14th Dist.] 2018, pet. denied).

The time to file a notice of appeal also may be extended if, within fifteen days after the deadline to file the notice of appeal, a party properly files a motion for extension of time. *See* TEX. R. APP. P. 10.5(b), 26.3. A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by Rule 26.1 but within the fifteen-day extension period provided by Rule 26.3. *See id*. R. 26.1, 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (discussing the former appellate rules); *Baker*, 534 S.W.3d at 684–85; *City of Dallas v. Hillis*, 308 S.W.3d 526, 529 (Tex. App.—Dallas 2010, pet. denied). Although a motion for extension of time is necessarily implied, the appellant must still provide a reasonable explanation for failing to file the notice of appeal timely. *See* TEX. R. APP. P. 10.5(b)(1)(C), (2)(A); *Jones v. City of Houston*, 976 S.W.2d 676, 677 (Tex. 1998); *Felt v. Comerica Bank,* 401 S.W.3d 802, 806 (Tex. App.—Houston [14th Dist.] 2013, no pet.). Any conduct short of deliberate or intentional noncompliance qualifies as a reasonable explanation for failing to timely file the notice of appeal. *Hone v. Hanafin*, 104 S.W.3d 884, 886–87 (Tex. 2003) (per curiam); *Baker*, 534 S.W.3d at 685. But, "once the period for granting a motion for extension of time under Rule [26.3] has passed, a party can no longer invoke the appellate court's jurisdiction." *Verburgt*, 959 S.W.2d at 617; *see Kinnard v. Carnahan*, 25 S.W.3d 266, 268 (Tex. App.—San Antonio 2000, no pet.). Stated otherwise, we may not "alter the time for perfecting an appeal beyond the period" authorized by the appellate rules. *Verburgt*, 959 S.W.2d at 617.

3

### III. ANALYSIS

The order denying bill of review subject to appeal was signed on March 13, 2020. Appellant did not file his notice of appeal until September 4, 2020, nearly six months later. The appeal was not filed timely under the appellate rules. *See* TEX. R. APP. P. 26.1.

### IV. CONCLUSION

The Court, having examined and fully considered the appellant's pleadings, the clerk's record, and the applicable law, is of the opinion that the notice of appeal was untimely, and we lack jurisdiction over the appeal. Accordingly, we VACATE the October 28, 2020 ruling issued which granted appellant's motion for extension of time to file notice of appeal. We instead DENY appellant's motion for extension of time to file notice of appeal and DISMISS the appeal for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

LETICIA HINOJOSA
Justice

Delivered and filed the
10th day of December, 2020.

4