

# NUMBERS 13-21-00033-CV & 13-21-00034-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

NORA RODRIGUEZ AND
EDUARDO RODRIGUEZ,                                           **Appellants,**

**v.**

LONE STAR NATIONAL BANK AND
MARTIN VOLPE, SENIOR VICE PRESIDENT,            **Appellees.**

---

## On appeal from the 93rd District Court
## of Hidalgo County, Texas.

---

# MEMORANDUM OPINION

**Before Justices Benavides, Hinojosa, and Silva**
**Memorandum Opinion by Justice Benavides**

Appellants Nora Rodriguez and Eduardo Rodriguez have attempted to appeal various orders and rulings issued in trial court cause number C-4231-17-B in the 93rd District Court of Hidalgo County, Texas. In our appellate cause number 13-21-00033-CV, we have docketed appellants' notice of appeal regarding the trial court's August 13, 2020

order granting summary judgment in favor of appellees Lone Star National Bank and Martin Volpe, Senior Vice President. In our appellate case number 13-21-00034-CV, we have docketed appellants' notice of appeal regarding the trial court's "findings that its plenary power over the matters presented in this cause has expired" and the trial court's order of December 23, 2020 concluding that it was "without authority to further act." We address these causes in one opinion in the interests of judicial efficiency and economy.

On January 26, 2021, in our cause number 13-21-00033-CV, the Clerk of this Court advised appellants that it appeared that their appeal had not been timely perfected, instructed them to correct the defect, if possible, within ten days, and informed them that the appeal would be dismissed if the defect was not cured. *See* TEX. R. APP. P. 37.1, 42.3. That same day, in our cause number 13-21-00034-CV, the Clerk advised appellants that it appeared that there was not a final, appealable order, directed appellants to correct the defect, if possible, within ten days, and advised them that the appeal would be dismissed if the defect was not corrected. *See id.* R. 42.3. Appellants did not respond to the Clerk's directives or otherwise attempt to correct the defects in either appeal.

On March 3, 2021, in each of these appellate causes, the Clerk advised appellants that they were delinquent in remitting the $205.00 filing fees for the appeals and notified them that the appeals would be dismissed if the fees were not paid within ten days. *See id.* Appellants did not respond or pay the fee in either case.

We are to construe the Texas Rules of Appellate Procedure reasonably, yet liberally, so that the right to appeal is not lost by imposing requirements not absolutely necessary to effectuate the purpose of a rule. *Republic Underwriters Ins. Co. v. Mex-Tex,*

2

*Inc.*, 150 S.W.3d 423, 427 (Tex. 2004); *Verburgt v. Dorner*, 959 S.W.2d 615, 616–617 (Tex. 1997); *Jardon v. Pfister*, 593 S.W.3d 810, 820 (Tex. App.—El Paso 2019, no pet.). Nevertheless, this Court has the authority to dismiss an appeal for want of jurisdiction, want of prosecution, or because the appellants have failed to comply with a requirement of the appellate rules, a court order, or a notice from the clerk requiring a response or other action within a specified time. *See* TEX. R. APP. P. 42.3(a),(b),(c); *Smith v. DC Civil Constr., LLC*, 521 S.W.3d 75, 76 (Tex. App.—San Antonio 2017, no pet.).

An appellate court has "an obligation to examine [its] jurisdiction any time it is in doubt . . . ." *Pike v. Tex. EMC Mgmt., LLC*, 610 S.W.3d 763, 774 (Tex. 2020). As a general rule, appeals may be taken only from final judgments. *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Exceptions to this general rule are provided by statutes that specifically authorize interlocutory appeals of particular orders. *City of Watauga v. Gordon*, 434 S.W.3d 586, 588 (Tex. 2014); *see, e.g.*, TEX. CIV. PRAC. & REM.CODE ANN. § 51.014 (listing several interlocutory orders that may be appealed). And, absent a timely filed notice of appeal, an appellate court lacks jurisdiction over the appeal. *In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 307 (Tex. 2010) (orig. proceeding); *Jarrell v. Bergdorf*, 580 S.W.3d 463, 466 (Tex. App.—Houston [14th Dist.] 2019, no pet.); *Baker v. Regency Nursing & Rehab. Ctrs., Inc.*, 534 S.W.3d 684, 684–85 (Tex. App.—Corpus Christi–Edinburg 2017, no pet.). Generally, a notice of appeal is due within thirty days after the judgment is signed. *See* TEX. R. APP. P. 26.1. The deadline to file a notice of appeal is extended to ninety days after the date the judgment is signed if, within thirty days after the judgment is signed, any party timely files a motion for new trial, motion to

3

modify the judgment, motion to reinstate, or, under certain circumstances, a request for findings of fact and conclusions of law. *See id.* R. 26.1(a); TEX. R. CIV. P. 296, 329b(a),(g); *Young v. Di Ferrante*, 553 S.W.3d 125, 128 (Tex. App.—Houston [14th Dist.] 2018, pet. denied).

The Court, having examined and fully considered the documents on file and the applicable law, is of the opinion that these appeals should be dismissed. In cause number 13-21-00033-CV, appellants filed their notice of appeal more than five months after the judgment was signed, and the appeal is thus untimely. *See generally* TEX. R. APP. P. 26.1. In cause number 13-21-00034-CV, appellants have failed to demonstrate that we have jurisdiction over the attempted appeal. *See City of Watauga*, 434 S.W.3d at 588; *Lehmann*, 39 S.W.3d at 195. Further, appellants have failed to pay their fees in either cause. *See* TEX. R. APP. P. 42.3(c). Accordingly, we dismiss these appeals. *See generally id.* R. 42.3(a),(b),(c).

GINA M. BENAVIDES
Justice

Delivered and filed on the
3rd day of June, 2021.

4