

# NUMBER 13-21-00155-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN THE INTEREST OF G.G., A CHILD

**On appeal from the 444th District Court
of Cameron County, Texas.**

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Silva
Memorandum Opinion by Justice Benavides**

Appellant Marcus Anthony Garcia, proceeding pro se, filed a notice of appeal from an "Order in Suit for Modification of Support Order and to Confirm Support Arrearage" signed on April 12, 2021, in trial court cause number 2013-DCL-4441 in the 444th District Court of Cameron County, Texas. Appellant filed his notice of appeal on May 13, 2021. On May 24, 2021, the Clerk of this Court notified appellant that his notice of appeal had not been timely filed, requested correction of this defect, if possible, and advised appellant that the appeal would be dismissed if the defect were not corrected within ten days. *See*

TEX. R. APP. P. 37.1, 42.3(a). That same day, the Clerk also advised appellant that his notice of appeal failed to comply with Texas Rules of Appellate Procedure 9.5 and 25.1(d)(1),(4) and requested him to correct the defects. *See id.* R. 9.5 (specifying the requirements for service of all documents filed in the appellate court); *id.* R. 25.1(d)(1) (requiring the notice of appeal to identify the trial court and state the case's trial court number and style); *id.* R. 25.1(d)(4) (requiring the notice of appeal to state the court to which the appeal is taken). Appellant did not respond to the Clerk's notice, show that his appeal had been timely filed, or correct his defective notice of appeal.

We are to construe the Texas Rules of Appellate Procedure reasonably, yet liberally, so that the right to appeal is not lost by imposing requirements not absolutely necessary to effectuate the purpose of a rule. *Republic Underwriters Ins. Co. v. Mex-Tex, Inc.*, 150 S.W.3d 423, 427 (Tex. 2004); *Verburgt v. Dorner*, 959 S.W.2d 615, 616–617 (Tex. 1997); *Jardon v. Pfister*, 593 S.W.3d 810, 820 (Tex. App.—El Paso 2019, no pet.). Nevertheless, this Court has the authority to dismiss an appeal "for want of jurisdiction," "for want of prosecution," or "because the appellant has failed to comply with a requirement of [the] appellate rules, a court order, or a notice from the clerk requiring a response or other action within a specified time." TEX. R. APP. P. 42.3(a),(b),(c); *see Smith v. DC Civil Constr., LLC*, 521 S.W.3d 75, 76 (Tex. App.—San Antonio 2017, no pet.).

A party must file a timely notice of appeal to invoke an appellate court's jurisdiction. *Wilkins v. Methodist Health Care Sys.*, 160 S.W.3d 559, 564 (Tex. 2005); *Yost v. Jered Custom Homes*, 365 S.W.3d 847, 847 (Tex. App.—Dallas 2012, no pet.); *Hosea v. Whittenburg*, 311 S.W.3d 704, 705 (Tex. App.—Amarillo 2010, pet. denied); *see* TEX. R.

APP. P. 25.1(b). Stated otherwise, absent a timely filed notice of appeal, an appellate court lacks jurisdiction over the appeal. *See In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 307 (Tex. 2010) (orig. proceeding); *Jarrell v. Bergdorf*, 580 S.W.3d 463, 466 (Tex. App.—Houston [14th Dist.] 2019, no pet.); *Baker v. Regency Nursing & Rehab. Ctrs., Inc.*, 534 S.W.3d 684, 684–85 (Tex. App.—Corpus Christi–Edinburg 2017, no pet.). Unless the record affirmatively demonstrates the propriety of appellate jurisdiction, the appellate court must dismiss the appeal. *Jack M. Sanders Family Ltd. P'ship v. Roger T. Fridholm Revocable, Living Tr.*, 434 S.W.3d 236, 240 (Tex. App.—Houston [1st Dist.] 2014, no pet.); *Hosea*, 311 S.W.3d at 704; *Saxa Inc. v. DFD Architecture Inc.*, 312 S.W.3d 224, 227 (Tex. App.—Dallas 2010, pet. denied).

Generally, a notice of appeal is due within thirty days after the judgment is signed. *See* TEX. R. APP. P. 26.1. The deadline to file a notice of appeal is extended to ninety days after the date the judgment is signed if, within thirty days after the judgment is signed, any party timely files a motion for new trial, motion to modify the judgment, motion to reinstate, or, under certain circumstances, a request for findings of fact and conclusions of law. *See id.* R. 26.1(a); TEX. R. CIV. P. 296, 329b(a),(g); *Young v. Di Ferrante*, 553 S.W.3d 125, 128 (Tex. App.—Houston [14th Dist.] 2018, pet. denied). The time to file a notice of appeal may also be extended if, within fifteen days after the deadline to file the notice of appeal, a party properly files a motion for extension. *See* TEX. R. APP. P. 10.5(b); *id.* R. 26.3. A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by Rule 26.1, but within the fifteen-day extension period provided by Rule 26.3. *See id.* R. 26.1, 26.3; *Verburgt*, 959

3

S.W.2d at 617–18 (construing the predecessor to Rule 26.1); *City of Dallas v. Hillis*, 308 S.W.3d 526, 529 (Tex. App.—Dallas 2010, pet. denied). Under these circumstances, even though a motion for extension of time is necessarily implied, it is still necessary for an appellant to reasonably explain the need for an extension. *See Jones v. City of Houston*, 976 S.W.2d 676, 677 (Tex. 1998); *Baker*, 534 S.W.3d at 685.

Here, the judgment was signed on April 12, 2021. The record does not indicate that any post-judgment motions were filed, and thus appellant's notice of appeal was due on May 12, 2021, but it was not filed until May 13, 2021. *See* TEX. R. APP. P. 26.1. Appellant's notice of appeal was filed within the fifteen-day grace period provided by Rule 26.3, thus warranting an implied motion for extension of time, however, appellant has failed to provide a reasonable explanation for failing to timely file the notice of appeal. *See Jones*, 976 S.W.2d at 677 *Baker*, 534 S.W.3d at 685. Appellant's notice of appeal was untimely, and under these circumstances, we lack jurisdiction and must dismiss the appeal. *See* TEX. R. APP. P. 42.3(a); *Wilkins*, 160 S.W.3d at 564; *In re L.G.*, 517 S.W.3d 275, 277 (Tex. App.—San Antonio 2017, pet. denied); *Haase v. Abraham, Watkins, Nichols, Sorrels, Agosto & Friend, LLP*, 404 S.W.3d 75, 80 (Tex. App.—Houston [14th Dist.] 2013, no pet.). And, even if the appeal had been timely filed, appellant failed to comply with the requirements of the appellate rules because he filed a notice of appeal that failed to comply with the rules, and he failed to comply with our Clerk's notice requiring him to amend his defective notice of appeal. *See* TEX. R. APP. P. 42.3(b),(c); *Smith*, 521 S.W.3d at 76.

4

The Court, having examined and fully considered the documents on file and the applicable law, is of the opinion that this appeal should be dismissed. Accordingly, we dismiss this appeal for lack of jurisdiction. TEX. R. APP. P. 42.3(a).

GINA M. BENAVIDES
Justice

Delivered and filed on the
29th day of July, 2021.

5