

# NUMBER 13-23-00502-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

GEORGANNE GASAWAY DURRILL,                                    Appellant,

v.

WILLIAM ROBERT ANDERSON, III,
AND ANDERSON, LEHRMAN, BARRE,
MARAIST, LLP,                                                 Appellees.

## On appeal from the County Court at Law No. 3
of Nueces County, Texas.

## MEMORANDUM OPINION

### Before Justices Longoria, Silva, and Peña
### Memorandum Opinion by Justice Longoria

This matter is before the Court on appellant Georganne Gasaway Durrill's motion

to allow appeal of a granted summary judgment past the deadline to appeal, which the

Court construes as a motion for extension of time to file a notice of appeal. Appellees

William Robert Anderson III and Anderson, Lehrman, Barre, Maraist, LLP have filed an opposition to appellant's motion for extension and have requested dismissal of the appeal. After due consideration, we dismiss the appeal as untimely.

## I.     BACKGROUND

Appellant attempted to appeal an order granting summary judgment in favor of appellees and dismissing her claim for breach of fiduciary duty. Summary judgment was granted by order signed by the trial court on August 17, 2023. Appellant filed a motion for new trial within thirty days of the summary judgment order, making appellant's notice of appeal due November 15, 2023. *See* TEX. R. APP. P. 26.1(a). Appellant filed her notice of appeal on November 17, 2023. Upon receipt of the notice of appeal on November 17, 2023, the Clerk of this Court notified appellant that the appeal appeared untimely and was subject to dismissal if the defects in her notice were not corrected within ten days. *See id.* R. 42.3. Appellant did not respond to the notice within ten days. Subsequently, a clerk's record was filed along with the parties docketing statements. On December 21, 2023, appellant filed a two-in-one motion in which she requested an extension of the appellate deadlines and an extension to file her appellate brief. Appellees opposed the request and sought dismissal of the appeal.

## II.     APPLICABLE LAW

Absent a timely filed notice of appeal, an appellate court lacks jurisdiction over the appeal. *In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 307 (Tex. 2010) (orig. proceeding); *Jarrell v. Bergdorf*, 580 S.W.3d 463, 466 (Tex. App.—Houston [14th Dist.] 2019, no pet.); *Baker v. Regency Nursing & Rehab. Ctrs., Inc.*, 534 S.W.3d 684, 684–85

2

(Tex. App.—Corpus Christi–Edinburg 2017, no pet.). Generally, a notice of appeal is due within thirty days after the judgment is signed. *See* TEX. R. APP. P. 26.1. The deadline to file a notice of appeal is extended to ninety days after the date the judgment is signed if, within thirty days after the judgment is signed, any party timely files a motion for new trial, motion to modify the judgment, motion to reinstate, or, under certain circumstances, a request for findings of fact and conclusions of law. *See id.* R. 26.1(a); TEX. R. CIV. P. 296, 329b(a), (g); *Young v. Di Ferrante*, 553 S.W.3d 125, 128 (Tex. App.—Houston [14th Dist.] 2018, pet. denied).

The time to file a notice of appeal also may be extended if, within fifteen days after the deadline to file the notice of appeal, a party properly files a motion for extension of time. *See* TEX. R. APP. P. 10.5(b), 26.3. A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by Rule 26.1 but within the fifteen-day extension period provided by Rule 26.3. *See id.* R. 26.1, 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (discussing the former appellate rules); *Baker*, 534 S.W.3d at 684–85; *City of Dallas v. Hillis*, 308 S.W.3d 526, 529 (Tex. App.—Dallas 2010, pet. denied). Although a motion for extension of time is necessarily implied, the appellant must still provide a reasonable explanation for failing to file the notice of appeal timely. *See* TEX. R. APP. P. 10.5(b)(1)(C), (2)(A); *Jones v. City of Houston*, 976 S.W.2d 676, 677 (Tex. 1998); *Felt v. Comerica Bank*, 401 S.W.3d 802, 806 (Tex. App.—Houston [14th Dist.] 2013, no pet.). Any conduct short of deliberate or intentional noncompliance qualifies as a reasonable explanation for failing to timely file the notice of appeal. *Hone v. Hanafin*, 104 S.W.3d 884, 886–87 (Tex. 2003)

3

(per curiam); *Baker*, 534 S.W.3d at 685. But, "once the period for granting a motion for extension of time under Rule [26.3] has passed, a party can no longer invoke the appellate court's jurisdiction." *Verburgt*, 959 S.W.2d at 617; *see Kinnard v. Carnahan*, 25 S.W.3d 266, 268 (Tex. App.—San Antonio 2000, no pet.). Stated otherwise, we may not "alter the time for perfecting an appeal beyond the period" authorized by the appellate rules. *Verburgt*, 959 S.W.2d at 617.

### III.    ANALYSIS

In her motion, appellant attempts to invoke this Court's jurisdiction by relying on an implied motion for extension of time, having filed her notice of appeal within the fifteen-day window. *See id.* Because a motion to extend was implied, appellant was required to articulate a reasonable explanation for the late filing. See *id.* at 616–17; *In re J.Z.P.*, 484 S.W.3d 924, 925 (Tex. 2016) (per curiam). Appellant did not provide an explanation as to the untimeliness of the appeal within the applicable time period nor did she file a response to the Clerk's ten day notice. Appellant addressed for the first time the untimeliness on December 21, 2023, when she filed her motion requesting an extension of appellate deadlines. Accordingly, the appeal was not filed timely under the appellate rules. *See* TEX. R. APP. P. 26.1.; *Verburgt*, 959 S.W.2d at 617 (we may not "alter the time for perfecting an appeal beyond the period" authorized by the appellate rules).

### IV.    CONCLUSION

The Court, having examined and fully considered the appellant's pleadings, the clerk's record, and the applicable law, is of the opinion that the notice of appeal was untimely, and we lack jurisdiction over the appeal. Accordingly, we deny appellant's

motion to extend appellate deadlines and dismiss the appeal for lack of jurisdiction. *See*

TEX. R. APP. P. 42.3(a).

NORA L. LONGORIA
Justice

Delivered and filed on the
25th day of January, 2024.