

# NUMBER 13-24-00581-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**RICHARD KRETSCHMANN,**                                        **Appellant,**

**v.**

**KATHERINE WADE,**                                             **Appellee.**

---

## ON APPEAL FROM THE 36TH DISTRICT COURT
## OF ARANSAS COUNTY, TEXAS

---

## MEMORANDUM OPINION

**Before Justices Silva, Peña, and Cron**
**Memorandum Opinion by Justice Cron**

This matter is before this Court on appellant's motion to extend time to file brief in support of petition for discretionary review, which we construe as a motion to extend time to file notice of appeal. After due consideration, this Court is of the opinion that we lack jurisdiction over the appeal.

## I. BACKGROUND

Appellant attempted to appeal an order granting summary judgment disposing of his claims in favor of appellee. The trial court signed the order on October 23, 2024,[1] and appellant filed his notice of appeal on November 25, 2024.[2] On November 26, 2024, the Clerk of this Court notified appellant that it appeared that the appeal was not timely perfected. *See* TEX. R. APP. P. 26.1; 42.3. Appellant was advised by the Clerk of the Court that the appeal would be dismissed if the defect was not corrected within ten days from the date of receipt of the notice. *See id.* R. 42.3. Appellant did not respond to the Clerk's directive. *See id.* Subsequently, on December 3, 2024, appellant filed a docketing statement and paid the filing fee. *See id*. R. 5, 32.1. Appellant filed another docketing statement on December 5, 2024, *see id*. R. 32.3, and on February 5, 2025, appellant filed his motion to extend time to file notice of appeal which included:

> Facts: The Notice of Appeal was filed on November 25[th] 2025, [sic] which was the Monday after the 30[th] day after entry of the Order which fell on Saturday, November 23, 2025 [sic]. Though the Entry date of the Judgment was October 24, 2025, [sic] the Judgment was signed the day prior to entry. The signing of the Judgment the day prior to entry made the Notice of Appeal deadline fall on Friday, November 22, 2025 [sic]. Due to the conflict in dates signed and entered, the Plaintiff in this civil action was effectively one business day late in giving notice.

## II. APPLICABLE LAW

"Absent a timely filed notice of appeal, an appellate court lacks jurisdiction over the appeal." *Baker v. Regency Nursing and Rehab. Ctrs., Inc.*, 534 S.W.3d 684, 684 (Tex.

---

[1] The order granting summary judgment reflects that it was file-stamped on October 24, 2024, but for the reasons explained in this memorandum opinion, such file-stamped date does not alter this Court's conclusion that we lack jurisdiction.

[2] Appellant, a short time later that same day, November 25, 2024, filed a first amended notice of appeal correcting the date the judgment was signed from October 24, 2024, to October 23, 2024, as he previously stated in his original notice of appeal.

App.—Corpus Christi–Edinburg 2017, no pet.) (citing *In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 307 (Tex. 2010) (orig. proceeding)); *see Mitschke v. Borromeo*, 645 S.W.3d 251, 253 (Tex. 2022); *see also Pelko v. Corona*, No. 13-24-00589-CV, 2025 WL 480817, at *1 (Tex. App.—Corpus Christi–Edinburg Feb. 13, 2025, no pet. h.) (mem. op.). Unless a proper post-judgment motion or, under certain circumstances, a request for findings of fact and conclusions of law are filed, generally, a notice of appeal is due within thirty days after the judgment is signed. *See* TEX. R. APP. P. 26.1, 26.1(a); TEX. R. CIV. P. 296, 329b(a), (g); *see also Durrill v. Anderson*, No. 13-23-00502-CV, 2024 WL 277468, at *1 (Tex. App.—Corpus Christi–Edinburg Jan. 25, 2024, pet. denied) (mem. op.). Also, a timely filed motion to extend time to file notice of appeal will extend the notice of appeal deadline by fifteen days. *See* TEX. R. APP. P. 10.5(b)(2), 26.3.

A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time permitted by Rule 26.1 but within the fifteen-day reprieve period provided by Rule 26.3. *See id*. R. 26.1, 26.3, *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (construing Rule 26.1's predecessor); *Baker*, 534 S.W.3d at 684–85; *City of Dall. v. Hillis*, 308 S.W.3d 526, 529 (Tex. App.—Dallas 2010, pet. denied). "Although a motion for extension of time is necessarily implied, appellant must still provide a reasonable explanation for failing to file the notice of appeal timely." *Baker*, 534 S.W.3d at 685; *see Jones v. City of Hous.*, 976 S.W.2d 676, 677 (Tex. 1998); *Indus. Servs. U.S.A., Inc. v. Am. Bank, N.A.*, 17 S.W.3d 358, 359 (Tex. App.—Corpus Christi–Edinburg 2000, no pet.) (per curiam); *Felt v. Comerica Bank*, 401 S.W.3d 802, 806 (Tex. App.—Houston [14th Dist.] 2013, no pet.). Any conduct short of being deliberate or intentional qualifies as a reasonable explanation for failing to timely file the

3

notice of appeal. *See Hone v. Hanafin*, 104 S.W.3d 884, 887 (Tex. 2003) (per curiam); *Baker*, 534 S.W.3d at 685.

However, "once the period for granting a motion for extension of time under Rule [26.3] has passed, a party can no longer invoke the appellate court's jurisdiction." *Verburgt*, 959 S.W.2d at 617. While we must construe the rules of appellate procedure reasonably, yet liberally, so that the right to appeal is not lost by imposing requirements not absolutely necessary to effect the purpose of a rule, *see id*. at 616–17, we are nonetheless prohibited from enlarging the scope of our jurisdiction by enlarging the time for perfecting an appeal in a civil case in a manner not provided for by rule. *See* TEX. R. APP. P. 2; *In re T.W.*, 89 S.W.3d 641, 642 (Tex. App.—Amarillo 2002, no pet.).

### III.   ANALYSIS

By his motion, appellant attempts to invoke the jurisdiction of this Court by asserting that since his notice of appeal was filed within the fifteen-day grace period it should thus act as an implied motion for extension of time.[3] However, we conclude we lack jurisdiction.

To elaborate, the trial court signed the summary judgment order on October 23, 2024, making appellant's notice of appeal due by November 22, 2024. *See* TEX. R. APP. P. 4.1, 26.1. On November 25, 2024, appellant filed his notice of appeal which is past Rule 26.1's thirty-day notice-of-appeal deadline but within Rule's 26.3 fifteen-day grace period. *See id*. R. 26.1, 26.3. On November 26, 2024, the Clerk of the Court notified

---

[3] Appellant does not assert in his motion that his notice of appeal deadline was ninety days after the judgment was signed in accordance with Rule 26.1(a). *See* TEX. R. APP. P. 26.1(a). Additionally, we note in appellant's later filed docketing statement he marked with an "X" the "No" boxes under the section asking about actions extending the time to perfect the appeal.

4

appellant that it appeared that the appeal was not timely perfected, and requested the defect be cured, if it could, within ten days of receipt of the notice. *See id.* R. 42.3. Appellant failed to respond as instructed.[4]

Instead, appellant addressed his untimeliness for the first time in his motion filed on February 5, 2025, which was past December 9, 2024,[5] i.e., the last day of the fifteen-day grace period. *See id*. R. 4.1, 10.5(b); 26.3; *In re S.V.*, 697 S.W.3d 659, 661–63 (Tex. 2024) (per curiam) (reversing the appellate court where appellant timely filed a motion to extend the notice of appeal deadline which *included an unrebutted explanation that satisfied Rules 10.5 and 26.3*) (emphasis added); *Baker*, 534 S.W.3d at 685 (dismissing the appeal for lack of jurisdiction where appellant filed his notice of appeal within the fifteen-day extension period but failed to respond to the Clerk of the Court's directive or provide a reasonable explanation for his late filing); *see also Durrill*, 2024 WL 277468, at *1–2 (dismissing the appeal for lack of jurisdiction where appellant did not timely articulate a reasonable explanation for her two-day-late notice of appeal nor respond to the Clerk of the Court's ten-day defect notice). In short, even if we to consider the unrebutted "Facts" section contained within appellant's motion as a reasonable explanation for his untimeliness, said explanation came too late. *See* TEX. R. APP. P. 10.5(b), 26.1, 26.3; *In re S.V.*, 697 S.W.3d at 661–63; *see also Durrill*, 2024 WL 277468, at *2. Accordingly, the appeal was not timely filed under the appellate rules, and we thus, lack jurisdiction. *See*

---

[4] Although we express no opinion on whether we would consider a reasonable explanation offered in a docketing statement, we nevertheless reviewed both of appellant's docketing statements filed in this appeal. Neither included an explanation related to the late filed notice of appeal.

[5] The fifteenth day falls on Saturday, December 7, 2024. However, in accordance with Rule 4.1(a), the deadline extends to Monday, December 9, 2024. *See* TEX. R. APP. P. 4.1(a) ("The last day of the period is included, but if that day is a Saturday, Sunday, or legal holiday, the period extends to the end of the next day that is not a Saturday, Sunday, or legal holiday.").

TEX. R. APP. P. 2, 26.1; *Wilkins v. Methodist Health Care Sys.*, 160 S.W.3d 559, 564 (Tex. 2005) (reasoning that because appellant's notice of appeal was untimely, the reviewing court lacked jurisdiction); *In re T.W.*, 89 S.W.3d at 642; *Baker*, 534 S.W.3d at 684; *see also Durrill*, 2024 WL 277468, at *2.

### IV.    CONCLUSION

This Court, having fulling examined and considered the documents on file and the applicable law, is of the opinion that the notice of appeal was untimely, and we, therefore, lack jurisdiction over this appeal. Accordingly, we hereby deny appellant's motion for extension of time to file notice of appeal, and dismiss this appeal for lack of jurisdiction.[6] *See* TEX. R. APP. P. 42.3(a); *see also id*. R. 42.3(c).

JENNY CRON
Justice

Delivered and filed on the
13th day of March, 2025.

---

[6] Appellee's opposed motion to dismiss for failure to pay for clerk's record is hereby dismissed as moot.