

# NUMBER 13-25-00474-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**MARIANO MUNIVEZ AND
BCT CONSTRUCTION, LLC,**                            **Appellants,**

**v.**

**ARTURO ALONSO,**                                        **Appellee.**

---

## ON APPEAL FROM THE 357TH DISTRICT COURT
## OF CAMERON COUNTY, TEXAS

---

## MEMORANDUM OPINION

**Before Justices Silva, Peña, and Fonseca
Memorandum Opinion by Justice Silva**

This cause is before the Court on its own motion. We must sua sponte consider whether appellants failed to timely perfect their appeal to this Court, an issue which affects our jurisdiction. *See State ex rel. Best v. Harper*, 562 S.W.3d 1, 7 (Tex. 2018); *Allstate*

*Ins. Co. v. Barnet*, 589 S.W.3d 313, 317 (Tex. App.—El Paso 2019, no pet.). We dismiss the appeal as untimely.

## I. BACKGROUND

Appellants attempted to perfect an appeal from a judgment entered in trial court cause number 2023-DCL-00171. The judgment was signed on June 25, 2025 but was not marked filed by the district clerk's office until June 27, 2025. Appellants filed a motion for new trial on July 18, 2025. Appellants then filed a notice of appeal on September 25, 2025.

On October 2, 2025, the Clerk of the Court notified appellants that it appeared the appeal had not been timely perfected. On October 6, 2025, appellants filed with the trial court a motion titled "Motion for TRCP 306a5 Relief to Adjust Post-Judgment Deadlines." *See* TEX. R. CIV. P. 306a(4)–(5). On December 12, 2025, we abated this appeal and remanded the cause to the trial court to determine whether relief under Texas Rule of Civil Procedure 306a applies to appellants' motion and, if so, to proceed under that rule to identify the date on which appellants first learned of the subject judgment of this appeal. On February 25, 2026, the trial court signed an order denying appellants' relief to adjust post-judgment deadlines.

On March 25, 2026, we reinstated the appeal, and the Clerk of the Court sent appellants notice that the appeal had not been timely perfected. Appellants were further notified that the appeal would be dismissed if the defect was not cured within ten days. *See* TEX. R. APP. P. 42.3. On March 31, 2026, appellants filed an amended notice of appeal; however, the amended notice of appeal did not cure the jurisdictional defect.

2

## II. APPLICABLE LAW

Absent a timely filed notice of appeal, this court lacks jurisdiction over the appeal. *Baker v. Regency Nursing & Rehab. Ctrs., Inc.*, 534 S.W.3d 684, 684(Tex. App.—Corpus Christi–Edinburg 2017, no pet.). Generally, a notice of appeal is due within thirty days after the judgment is signed. *See* TEX. R. APP. P. 26.1. If, within thirty days after the judgment is signed, any party timely files a motion for new trial, the deadline to file a notice of appeal is extended to ninety days after the date the judgment is signed. *See id*. R. 26.1(a); TEX. R. CIV. P. 296, 329b(a), (g).

Texas Rule of Civil Procedure 306a(3) requires the clerk of the court to provide notice regarding the entry of judgments or appealable orders. *See* TEX. R. CIV. P. 306a(3). The rule states, in relevant part:

> When the final judgment or other appealable order is signed, the clerk of the court must immediately send the judgment or order to the parties as provided in Rule 21(f)(10). . . . Failure to comply with the provisions of this rule shall not affect the periods mentioned in paragraph (1) of this rule, except as provided in paragraph (4).

*Id.* Paragraph (1) provides that the deadline for filing post-judgment motions, such as a motion for new trial or motion to reinstate a case, runs from the date the judgment is signed and the clerk's failure to provide notice does not impact such dates. *See id.* R. 306a(1).

## III. ANALYSIS

The judgment subject to appellants' attempted appeal was signed on June 25, 2025. Appellants' motion for a new trial was timely because it was filed within thirty days of the trial court's judgment. *See* TEX. R. APP. P. 26.1; TEX. R. CIV. P. 296, 329b(a), (g).

Therefore, appellants' deadline to file its notice of appeal was extended to ninety days after the date the judgment was signed—which in this case is Tuesday, September 23, 2025. Appellants did not file their notice of appeal until September 25, 2025. The trial court has denied appellants' request for adjustment of post-judgment deadlines under Texas Rule of Civil Procedure 306a. *See* Tex. R. Civ. P. 306a(4)–(5). Accordingly, appellants' notice of appeal was not filed timely under the appellate rules. *See* Tex. R. App. P. 26.1. Furthermore, appellants have been provided notice of the defect and have failed to correct it, so the case may be dismissed for want of jurisdiction. *See id.* R. 42.3(a); *Baker*, 534 S.W.3d at 684.

## IV. Conclusion

The Court, having examined and fully considered the appellants' pleadings, the record, and the applicable law, is of the opinion that the notice of appeal was untimely, and we lack jurisdiction over the appeal. Accordingly, we dismiss the appeal for lack of jurisdiction. *See* Tex. R. App. P. 42.3(a).

CLARISSA SILVA
Justice

Delivered and filed on the
30th day of April, 2026.

4